WM. HUKE RATTAN AND WILLOWWARE MANUFACTURING COMPANY, Respondent, v. BALTIMORE & OHIO RAILROAD COMPANY et al., Defendants; ST. LOUIS TRANSFER COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted Dec. 7, 1909. Opinion filed December 14, 1909.

APPELLATE PRACTICE: Conflicting Evidence: Trial Court's Finding Conclusive. Where a case turns entirely on the question of the weight of the evidence, as to which there is some conflict, the finding of the trial judge will not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster*, Judge.

AFFIRMED.

*Dalton & Harris* for appellant.

*Bishop & Cobbs* for respondent.

REYNOLDS, P. J.—This suit was instituted before a justice of the peace in the city of St. Louis, a petition or statement being filed there which set up a claim for $95.40, the value of 1590 pounds of willow cuttings. A judgment was rendered by the justice in favor of plaintiff and the cause appealed to the circuit court, where it was tried before the court, a jury being waived.

There was evidence tending to prove that one John Lohrig, of Baltimore, Md., had sold plaintiff 6140 pounds of willow cuttings, which he shipped on the 24th of April, 1906, via the Baltimore & Ohio Railroad, consigned to plaintiff at East St. Louis, Illinois. The cuttings were done up in 135 bundles. A bill of lading was issued for the shipment, describing it as 135 bundles, giving the weight as 6140 pounds. The bill of lading issued by the Baltimore & Ohio Railroad Company recited the receipt by that company, from Lohrig, "of 135 bundles of willow cuttings, weight 6140 (subject to correction)," consigned to plaintiff under the name of Wm. Huke Manufacturing Company. The expense bill for the freight and transportation charges was on 135 bundles willow cuttings, weight 6140 pounds. The plaintiff was notified by the railroad company that there was a shipment at East St. Louis for it, whereupon plaintiff directed the St. Louis Transfer Company to receive the same, have it weighed and make delivery at the company's place of business in St. Louis. The transfer company did this, delivering a weigh-ticket a couple of days after the delivery of the willows to it. The willows

were received by the transfer company from the railroad company and carried by the transfer company by team from East St. Louis to plaintiff in one wagon load. They were in such condition when delivered to plaintiff that the bundles could not be counted. The driver of the transfer company's wagon undertook to count them when delivering them to plaintiff, but so many of the bundles had become loose that the attempt to count them was given up. The bands about the bundles were broken, many of the bundles were loose—about one-third of them—so that the representative of plaintiff, who receipted for them, merely receipted for one load of willow cuttings. The receipt which the transfer company gave to the railroad company recited the receipt, "in good order," of 135 bundles of willow cuttings, weighing 6140 pounds. There was evidence tending to show that immediately after the receipt of the cuttings by the plaintiff, the bundles of willows were weighed on the city scales and that their net weight was 4550 pounds, showing a difference between the weight called for in the bill of lading and the weight at St. Louis, of 1590 pounds.

It was stipulated at the trial of the case that if the deposition of the shipper, Lohrig, was taken, the taking of which was waived, he would testify that on the 24th of April, he had delivered to the railroad company 6140 of willow cuttings in 135 bundles, consigned to plaintiff at East St. Louis, Illinois, and that the reasonable value of the willows was six cents per pound. Some contention was made over this stipulation, as to whether this 6140 specified in this stipulation meant pounds or numbers. The sign after the figure 6140 was #. Defendant contended this meant so many cuttings, not so many pounds. It is evident, however, from all the testimony in the case, that pounds were intended. There was no controversy over numbers; it was over pounds weight. Accordingly, the loss to plaintiff on this

shipment was $95.40, as it received only 4550 pounds, instead of 6140 pounds.

At the conclusion of the testimony in the case, the court found for plaintiff in this sum of $95.40 and, calculating interest on it, rendered judgment in favor of plaintiff for $106.55, against the St. Louis Transfer Company, defendant, and in favor of the railroad company. From this judgment the transfer company, after filing a motion for new trial and duly saving exception to its being overruled, perfected its appeal to this court. The case turns entirely on the question of the weight of the evidence, as to which there was some conflict. We have no disposition, even if we had the power, to disturb the finding of the trial judge. No declarations of law were asked by either side or given by the court of its own motion, merely a finding for plaintiff on the evidence as against the St. Louis Transfer Company and judgment accordingly. Seeing no reason to disturb the finding and judgment, it is affirmed. All concur.