# CASES DETERMINED

# COURTS OF APPEALS

---

LIBBIE BRIX, Respondent, v. AMERICAN FIDELITY COMPANY OF MONTPELIER, VERMONT, Appellant.

St. Louis Court of Appeals, February 4, 1913.

1. **APPELLATE PRACTICE: Conclusiveness of Judgment.** In a case tried to the court, where no declarations of law were asked or given, a judgment for plaintiff will not be reversed if it can be sustained under any view of the evidence and reasonable inference therefrom.

2. **ACCIDENT INSURANCE: Notice of Injury: Waiver.** Where early notice of injury was not given, as required by an accident insurance policy, and the insurer's general agent denied all liability when notice was served, but its adjuster called on insured and discussed a settlement, and later sent a check in the form of a receipt in full, which insured rejected, and afterwards its physician examined insured, and it finally rejected the claim, resting its refusal on the assertion that insured was suffering from malaria, and not from injury, the requirement of early notice was waived; the purpose of such requirement being, to advise insurer of the probable claim to be presented and to afford it an opportunity to investigate the same.

3. ———: ———: **Effect of Failure to Give.** At most, the failure of an insured to give early notice of an accident, as required

171 Mo. App.]                    (518)

by an accident insurance policy, merely authorizes the insurer to declare a forfeiture of the claim for that cause.

4. ——: ——: ——: **Waiver.** The requirement in an accident insurance policy that insured give insurer early notice of an accident is for the benefit of insurer and can be waived by it.

5. **WAIVER: Definition.** A waiver is the intentional abandonment or relinquishment of a known right, and the intention to do so is the essential element involved.

6. **ACCIDENT INSURANCE: Notice of Injury: Waiver.** A waiver once attached cannot be thereafter recalled, and hence where the conduct of an insurer amounted to a waiver of a requirement of early notice of injury under an accident policy, it could not thereafter recall the waiver and declare a forfeiture.

7. ——: **Amount of Recovery: Right of Court to Fix.** A provision in an accident insurance policy that, for partial disability, an amount, to be determined by insurer, within certain maximum and minimum limits, shall be paid insured, gives insurer the right to determine, in the first instance, the amount to be paid; but if insurer refuses to perform this function, it is competent for the court to do it.

8. ——: ——: ——. In an action on an accident insurance policy, which provided that, for partial disability, an amount, to be determined by insurer, within certain maximum and mimimum limits, shall be paid insured, where insurer denied any liability, *held* that the court was justified, under the evidence, in awarding insured the maximum amount.

9. **MARRIED WOMEN: Right of Recovery: Accident Insurance.** Sec. 8304, R. S. 1909, declaring that a married woman shall be deemed a *femme sole* and may contract and sue and be sued to enforce such contracts, does not suggest that a married woman must be engaged in some business before she is entitled to recover on contracts assuring a right to her, and hence a recovery by a married woman on an accident insurance policy cannot be defeated on the ground that, she not being in business, her husband alone is entitled to her services and alone entitled to recover therefor.

10. ——: ——: ——: **Estoppel.** An insurance company which issues an accident insurance policy and accepts premiums from a married woman is estopped to dispute its obligation to her for her loss of time, upon an accident occurring, on the ground that, inasmuch as she was not engaged in business, her husband alone was entitled to recover for her loss of time.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*Igoe & Carroll* and *Wm. R. Gilbert* for appellant.

(1) There could be no loss by plaintiff because she was living with her husband, keeping house, doing no other work; her services belonged to him and if incapacitated the loss was his, not hers; no insurable interest in the plaintiff was shown. Wallis v. Westport, 82 Mo. App. 527; Elliott v. K. C., 210 Mo. 576; Perrigo v. St. Louis, 185 Mo. 285. (2) There is no proof that plaintiff paid or became obliged to pay physicians' fees, yet she was allowed $7.50 for this item. A married woman can recover for medical attention only when she has agreed to be responsible, or has paid, therefor. Engleman v. Railroad, 133 Mo. App. 514; Tinkle v. Railroad, 212 Mo. 445. (3) The failure to give notice precludes any claim. Myers v. Maryland Co., 123 Mo. App. 682; Burgess v. Ins. Co., 114 Mo. App. 169; Burnham v. Ins. Co., 75 Mo. App. 399; La Force v. Williams City Co., 43 Mo. App. 528; Michigan Ass'n v. Missouri Co., 73 Mo. App. 161; Crotty v. Casualty Co., 146 S. W. 835; McFarland v. Ass'n., 124 Mo. 215; Woodall v. Fidelity Co., 131 Ga. 517; Foster v. Fidelity Co., 99 Wis. 847; Travelers Ins. Co. v. Myers, 62 Ohio St. 529; Barclay v. London Co., 105 Pac. 865; Caldwell v. Ins. Co., 139 S. W. 704; Woolverton v. Fidelity Co., 190 N. Y. 41; Woodall v. Fidelity Co., 131 Ga. 517; Craig v. Co., 80 S. C. 151; Hatch v. Casualty Co., 83 N. E. 398

*Frederick A. Mayhall* for respondent.

(1) Notice is a question of knowledge and is one of fact for the jury. Osborn v. Wood, 125 Mo. App. 250; What is a "reasonable time" is ordinarily a

mixed question of law and fact. Smoke Prevention Co. v. St. Louis, 205 Mo. 220; Paul v. Trust Co., 125 Mo. App. 483; Turner v. Snyder, 135 Mo. App. 320; Althoff v. Transit Co., 204 Mo. 166; Davis v. Thompson, 134 Mo. App. 13; Springfield v. Schmook, 120 Mo. App. 41. (2) In Missouri, the wife is emancipated from her common law disabilities, and is capable of contracting, the same as though she were a *femme sole*. R. S. 1899, sec. 4340; R. S. 1909, sec. 8304, 1735; Huss v. Culver, 70 Mo. App. 514; Womach v. St. Joseph, 201 Mo. 467; Elliott v. Kansas City, 210 Mo. 576; Cullar v. Railroad, 84 Mo. App. 347. (3) The appellant is estopped to deny liability under its own contract after accepting premiums from respondent, and ratifying the acts of its agent. Berger's Appeal, 15 Norris (Pa.), 443; Andrews v. Life Ins. Co., 92 N. Y. 596; Woodward v. Harlow, 28 Vt. 338; Reed v. Latham, 40 Conn. 452; Stecker v. Smith, 46 Mich. 14; Dunn v. Railroad, 43 Conn. 434; Schenck v. Sautter, 73 Mo. 46; Jones v. Atkinson, 68 Ala. 167; Bailey v. King, 41 Conn. 365; Eberts v. Selover, 44 Mich. 519; Tasker v. Kenton Ins. Co., 59 N. H. 438; Crans v. Hunter, 28 N. Y. 389; Hall Mfg. Co. v. R. R. Sup. Co., 48 Mich. 331; Miller v. McManus, 57 Ill. 126; Helens v. Turner, 36 Ark. 577; Hooker v. Hubbard, 102 Mass. 439.

NORTONI, J.—This is a suit on a policy of accident insurance. Plaintiff recovered and defendant prosecutes the appeal. On agreement of the parties, the case was tried before the court without a jury.

The principal question for review here relates to the matter of the court's giving judgment for plaintiff though it appeared notice of the accident was not given to defendant within a reasonable time as required by the policy. By the policy of insurance, defendant agreed ''to indemnify the insured, Mrs. Libbie Brix, against bodily injury caused solely by external,

violent and accidental means while this policy is in force." By another provision of the policy, the insured agreed that "notice in writing shall be given to the company at its home office or to the agent by whom this policy has been countersigned, as early as may be reasonably possible, of the event of any accident."

The insured plaintiff, a married woman, together with her husband and baby, was sojourning at Briggsville in Wisconsin at the time of the accident, on a pleasure trip, during the summer vacation. At that place, on August 12, 1909, plaintiff met with an accident while in the act of alighting from a buggy. In some manner her skirts became entangled and she was thrown with great force against the wheel of the vehicle and thus received an injury to her side immediately over the liver. It appears she was forthwith seized with great pain, and suffered therefrom for several weeks thereafter. Plaintiff's suffering was such as to occasion her to terminate her vacation at that place, and she and her husband went to Chicago on August 15, where they remained three or four days visiting her aunt. During the time at Chicago, plaintiff was confined to the house, and though not in bed, she lounged upon the couch and continued to suffer as before. Instead of returning to her home in St. Louis, about August 20th plaintiff and her husband went to Kimmswick, Missouri, to visit with plaintiff's mother while she recuperated. She remained at Kimmswick with her mother for several weeks and while there was under the care of a physician. Finally, about September 5th, she with her husband returned to her home in St. Louis and continued under the care of a physician here for several weeks.

The evidence tends to prove that plaintiff suffered an injury to her liver through the fall above mentioned and that internal hemorrhages resulted therefrom. It appears that plaintiff was totally disabled as a result of the accident and confined to her

bed practically all of the time for ten weeks after its date on August 12th, and was for six weeks thereafter partially disabled. The policy vouchsafes indemnity for such injuries at the rate of $7.50 per week for total disability and for partial disability "a sum to be determined by the company but not less than twenty-five per cent nor greater than seventy-five per cent of the weekly indemnity above specified, depending upon the extent of the disability." By another provision of the policy, the company agreed to pay an amount equal to one week's indemnity—that is, $7.50 —to recompense a physician or surgeon, provided one is required.

By its finding and judgment, the court allowed plaintiff ten weeks' full indemnity for the time she was confined to her bed at $7.50 per week, and the amount of $7.50—that is, an amount equal to one week's indemnity—to compensate the physician; and, furthermore, indemnity at the rate of $5.61 per week for the period of six weeks during the time she was partially disabled.

Though, as before stated, the policy required plaintiff to give the company notice of the accident as early as may be reasonably possible after the occurrence, no notice whatever was given until September 20, 1909, or nearly six weeks after the injury was received. It is said the reason notice was not given was because plaintiff did not have the policy with her. It was at her home in St. Louis and it was intended that no claim would be made unless it developed the injury was more severe than first thought. When notice of the accident was finally delivered to defendant's general agent, he denied liability at once on the ground that the notice had been deferred an unreasonable time. Because of this, it is urged the judgment may not be sustained, for it is said the requirement of the policy as to such notice is a condition precedent to the right of recovery. For the purposes of the case,

the proposition thus advanced may be conceded to be true and the judgment sustained, notwithstanding, in view of the evidence tending to show a waiver. As before stated, the cause was tried before the court without a jury and no instructions were asked or given. In such circumstances, though we are not advised as to the views of the trial court or the theory of law it pursued in giving the judgment for plaintiff, such judgment should not be reversed if it may be sustained on any view of the evidence, and this includes, too, all reasonable inferences therefrom in favor of plaintiff's case.

No one can doubt that the purpose of the notice required by this provision of the policy is to advise defendant of the probable claim to be presented and afford it an opportunity for investigation thereabout. It appears that though defendant's general agent denied all liability on the policy at the time the notice was served, September 20, it nevertheless sent its adjuster, Mr. Carroll, to investigate and settle the claim a few weeks thereafter. In the latter part of October, defendant's adjuster called upon plaintiff and her husband at their residence in St. Louis and talked over the matter of settlement. In the meantime, plaintiff had submitted to defendant a proof of loss in due form and demanded $67.50 to cover indemnity then accrued. This demand included eight weeks for total disability and $7.50 to compensate her physician. This claim the adjuster agreed to pay and on the following day transmitted to plaintiff the company's check for that amount in a letter in which he said, "I am enclosing herewith American Fidelity draft No. A-1162 for $67.50. This is for the full amount claimed in your proof of loss." However, attached to the check, and which it was necessary for plaintiff to sign, was a receipt "in full and final settlement and satisfaction of all claims, etc." Because of this receipt requiring an acknowledgment as for full and final settlement

and satisfaction, plaintiff declined to accept the check and returned it to defendant. Under the policy, it was competent for her to make different claims for indemnity if her disability continued, and she declined to make final settlement at the time. According to the evidence and the finding of the court, no proposition of compromise whatever was under consideration between the parties at the time, but, on the contrary, plaintiff was making a claim for indemnity then due, and defendant agreed to pay it, but, in addition and supplemental to the conversation between the adjuster and plaintiff and her husband, interjected a receipt for her signature, stipulating a full release. A few days later defendant sent its physician to examine plaintiff, which he did, and it finally rejected the claim entirely and refused to pay it. It was certainly competent for the court to find from these facts and this conduct of defendant's adjuster that it waived the matter of notice under the policy, for though the general agent at first laid stress on that matter, the company afterwards, through its adjuster, proceeded as though the failure to give notice was wholly immaterial and actually agreed to settle the claim for the amount demanded at the time without any reservation whatever. Finally defendant rested its refusal to pay upon the assertion that plaintiff was suffering from malaria and had not been injured at all. At most, the failure to give the notice authorized defendant to declare a forfeiture of the claim under the policy for that cause. The provision as to such forfeiture was for defendant's benefit and could be waived by it if it saw fit to do so. Defendant knew its rights in the premises and it first asserted them to the effect above stated. A waiver is the intentional abandonment or relinquishment of a known right, and the intention to do so is the essential element involved. [Francis v. A. O. U. W., 150 Mo. App. 347, 130 S. W. 500.] Obviously the court was authorized to find from the facts

above set forth that defendant intended to and did waive the right of forfeiture on the ground that notice was not given within a reasonable time, for this matter seems to have been abandoned entirely by the adjuster. A waiver once attached may not be thereafter recalled. [Bell v. Mo. State Life Ins. Co., 166 Mo. App. 390, 149 S. W. 33.] There is an abundance in the evidence to support the finding on the grounds of a waiver. [See Myers v. Casualty Co., 123 Mo. App. 682, 101 S. W. 124; Krenshaw v. Pac. etc. Life Ins. Co., 63 Mo. App. 678.]

It is argued the court should not have allowed plaintiff $5.61 per week for the six weeks she was partially disabled, for the reason the policy does not authorize it. The provision of the policy touching the matter of partial disability vouchsafes that the company will pay therefor "a sum to be determined by the company not less than twenty-five per cent nor greater than seventy-five per cent of the weekly indemnity above specified depending upon the extent of the disability." By its finding and judgment, the court allowed plaintiff seventy-five per cent of the weekly indemnity, that is, seventy-five per cent of $7.50 for each week of partial disability, and we entertain no doubt that it was competent for it to do so, for by the very terms of the policy the matter depended upon the extent of the disability. Of course the matter was for the company to determine in the first instance, but if the company refused to determine it, as it did, then the only competent tribunal to do so was the court, and this it did on ample evidence.

It appears plaintiff is a married lady and has no business calling or avocation, other than that of the usual housewife. Because of this it is urged she was entitled to recover no indemnity whatever, for, it is said, the services of a housewife belong to her husband and he alone may recover for the loss. The doc-

trine is frequently adverted to and applied in tort cases where the suit is for damages resulting from a personal injury to the wife sufficient to disquality her from performing the usual household duties as will appear by reference to Wallis v. Westport, 82 Mo. 522. However, it is wholly besides the instant case, for, here, the suit is on defendant's covenant to "indemnify the insured, Mrs. Libbie Brix, against bodily injury" and the whole purport of the policy reveals that defendant undertook to compensate plaintiff for disabilities she might suffer from accidental cause without regard to whom her services belonged at the time. Under our statute (Sec. 8304, R. S. 1909), it is declared a married woman shall be deemed a *femme sole* so as to enable her to contract and be contracted with, to sue and be sued and to enforce such contracts as she may make. There is nothing in the statute suggesting that a married woman may not recover on contracts assuring a right to her, even though she is not engaged in some business, and the argument to that effect is entirely without merit. [Huss v. Culver, 70 Mo. App. 514.] After accepting the premiums and entering into the covenant to indemnify plaintiff for disabilities occasioned from bodily injury caused by accident, it is not competent for defendant to dispute its obligation to pay, where the accident, the injury and loss of time appear, for the principle of estoppel intervenes and precludes it.

We have examined the other points presented in the brief but regard them unworthy of discussion in the opinion. They are, therefore, overruled. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.