## J. A. CHRISMAN, Respondent, v. JOHN B. SCHOLL, Appellant.

Kansas City Court of Appeals, January 16, 1914.

1. NEW TRIAL: Briefs: Errors Complained of. Where the alleged errors briefed in an appellate court are not made grounds in the motion for new trial, they will not be noticed in such court.

2. ———: Jury Waived: Instructions: Evidence. Where a cause is submitted to the court without a jury and no instructions are asked, it will be presumed that the case was tried on a proper theory of law and if there is any substantial evidence to support the finding of facts the judgment will be affirmed.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

AFFIRMED.

*Tincher, Bruton & Faucett* for appellant.

*Don C. Carter* and *H. S. Booth* for respondent.

ELLISON, P. J.—Plaintiff's action was brought
by attachment for rent as evidenced by a promissory
note of $100. The suit was begun before a justice of
the peace and the attachment was dismissed before
trial day and the case afterwards tried on merits. Be-
fore trial plaintiff amended by adding other items con-
nected with the renting and defendant filed a counter-
claim. Defendant prevailed and plaintiff appealed to
the circuit court in which court there was a finding for
the note and some of the items claimed by plaintiff
aggregating $113.02 and a finding for defendant on his
counterclaim of thirty dollars; the balance being in
favor of plaintiff of $83.02, for which judgment was
rendered.

Defendant complains in his brief of rulings on his
motion to compel plaintiff to elect and to "allowing
any items to plaintiff other than the note," but these
alleged errors are not mentioned in the motion for
new trial and consequently we cannot notice them.
[St. Louis v. Lawton, 189 Mo. 474; Fender v. Hassel-
tine, 106 Mo. App. 28.]

The second and third grounds of complaint urged
in the brief amount to an objection that the finding
was against the evidence and that objection is found
in the motion for new trial. The case was tried by the
court without a jury and no instructions were asked.
We must therefore assume that the case was tried
upon a proper legal theory and if there is any sub-
stantial evidence supporting the finding we must affirm

the judgment.   [Jordan v. Davis, 172 Mo. 599, 608; Brix v. Fidelity Co., 171 Mo. App. 518, 524; Huke v. Transfer Co., 146 Mo. App. 355.]

We have gone over the evidence and find ample of a substantial character to justify the court's finding.   We have therefore no right to interfere and hence affirm the judgment.   All concur.