RALPH BEALL and J. G. BRINKMAN, a co-partner-
ship, doing business under the name of THE
TRIUMPH PRINTING COMPANY, Respondents,
v. M. T. MILLER, Appellant.

Kansas City Court of Appeals, April 4, 1921.

1. **APPEAL AND ERROR:** Only Way Error of Trial Court Sitting as
Jury May be Corrected, if Decision Erroneous, is by Request of
Instructions so Reviewing Court may Know Theory on Which Is-
sues Were Tried. Where a court in trying issues sits as a jury
and gives a general verdict, the only way in which errors can be
corrected, if court decides erroneously, or makes a misapplication
of law to facts, is to request instructions so that reviewing court
may know on what theory the issues were tried.

2. **STATUTE OF FRAUDS:** A Memorandum Signed by Defendant
Directed to Another, Agreeing to Order Work, Performed by Plain-
tiffs, is Sufficient Under Statute, Though not Signed by Plaintiffs.
A memorandum signed by defendant alone, which showed on its
face others were his agents, and as such, authorized to enter into
contract, and contained all necessary elements of a contract, was
a sufficient written memoranda, to bind the party to be charged,
under the Statute of Frauds.

Appeal from the Circuit Court of Jackson County.—
*Hon. Thomas B. Buckner,* Judge.

AFFIRMED.

*Garnett & Robinson* for respondents.

*Stubenrauch & Hartz* for appellant.

ARNOLD, J.—This is a suit on an alleged contract
or agreement. Action was begun before a justice of the
peace upon the following statement (omitting formal
matters):

"Plaintiffs for their cause of action against the de-
fendant state that on or about the 11th day of March,

1918, defendant entered into a certain agreement with plaintiffs whereby plaintiffs were to print two thousand five hundred (2500) copies of a booklet, known as Soldiers' and Sailors' English-French Guides, at ten cents (10c.) a copy, aggregating two hundred and fifty dollars ($250) which were to be completed on or about April 1st, 1918. Plaintiffs further state that the work was completed by them, defendant was notified of the same on or about April 1, 1918, and delivery was tendered, but defendant refused to accept the booklets and refused to pay for them, and still refuses to pay for the same.''

Plaintiffs prevailed in that court and defendant appealed to the circuit court, the cause being tried at the May term thereof, 1920. The cause was tried by the court without the intervention of a jury, the issues were found for plaintiffs and defendant appealed to this court. A motion for a new trial was duly filed and overruled by the court.

Defendant gives as his reasons for asking a new trial, among others, that the judgment was against the weight of the evidence and that the court erred in admitting the contract or agreement offered by plaintiffs, for the reason that the same did not constitute a legal, binding contract or agreement, binding defendant in favor of plaintiffs.

Plaintiffs were engaged in the business of commercial printing under the name of the Triumph Printing Company, and the testimony tends to show that on or about March 11, 1918, defendant entered into a certain agreement with them whereby plaintiffs were to print 2500 copies of a certain booklet, entitled Soldiers' & Sailors' French-English Guide, at 10cts. a copy, to be completed on or about April 1, 1918; that defendant was notified of the completion of the work, and an attempt made to deliver the same, but acceptance was refused by defendant, as well as payment therefor. Plaintiffs identified and introduced in evidence the following letter:

"Kansas City, Mo., March 9, 1918
"Wolfe & Taylor,
City.

"Gentlemen: I hereby agreed to order from the Triumph Printing Company, Kansas City, Missouri, 2,500 Soldiers' and Sailors' English-French Guides at ten cent per copy, delivered at 423 Reserve Bank Building, on about April 1st, 1918. Same to be paid for on delivery.

M. T. MILLER SALES COMPANY
by M. T. MILLER."

Wolfe & Taylor, to whom the letter is addressed, as shown by the evidence, were the authors of the booklet mentioned in the communication. The only other evidence introduced on behalf of plaintiffs was the testimony of Ralph Beall, one of the plaintiffs. None was introduced on behalf of defendant.

The law is quite well settled that where a court in trying issues sits as a jury and gives a general verdict, as in this case, that the only way in which errors can be corrected, if the court decides erroneously, or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see on what theory the issues were tried. [Olive St. Bank v. Phillips, 179 Mo. App. 488, 160 S. W. 721; Chrisman v. Scholl, 177 Mo. App. 58, 60, 164 S. W. 131; Jordon v. Davis, 172 Mo. 599, 72 S. W. 686; Brix v. Fidelity Co., 171 Mo. App. 518, 524, 153 S. W. 789; Wm. Huke Mfg. Co., v. Baltimore & O. R. Co., 146 Mo. App. 355, 123 S. W. 943.]

The only finding of the court, so far as the record shows, is as follows: "Wherefore it is ordered and adjudged by the court that the plaintiffs do have and recover of and from defendant, and E. K. Bonebrake and A. S. Miller, sureties on defendant's appeal bond herein, the sum of two hundred sixty-six dollars and twenty-five cents ($226.25), together with its costs incurred in this action and have therefor execution."

Defendant charges in his motion for a new trial and here complains that the trial court erred in admitting the memorandum which was signed by defendant alone. As this is the chief contention of defendant, the determination of this appeal will follow our conclusions on this point.

In Moore v. Mountcastle, 61 Mo. 424, the court determined this question in the following language: "It will be seen from the foregoing authorities that the writing offered by plaintiff, though in the form of a letter addressed to a third party, should have been received by the court as a sufficient memorandum under the Statute of Frauds, if it was explicit enough as to the terms of the contract, . . . and the respective engagements of plaintiff and defendant in reference thereto are particularly set forth by defendant and expressed to be their contract."

This principle is followed by this court in Cunningham v. Williams, 43 Mo. App. 629, where it is said: "Defendant's counsel, however, with seeming confidence, urges that the writing required by the statute is one signed by both parties to the contract of sale, and unless so signed cannot be enforced against either. The position is not tenable. The memorandum is sufficient if signed by the party to be charged—the party sought to be charged by the suit. [Browne on Stat. of Frauds, sec. 365; Martin v. Grimes, 88 Mo. 478.]"

Applying this rule to the case at bar, we must conclude that the writing on its face is sufficient evidence that Wolfe & Taylor were the agents of defendant, and, as such, under the decisions above cited, were authorized to place the contract with plaintiffs; and that the writing complained of contained all the necessary elements of a contract; and that there was substantial evidence upon which to base the finding.

In Olive St. Bank v. Phillips, above cited, the court said: "As the cause was tried before the court without a jury, a jury having been waived and no declarations of law were asked by either party, and none given, if there

is any substantial evidence upon which to base the judgment below, and if the latter can be held to be correct upon any theory whatsoever, it is our duty to sustain it."

And in Chrisman v. Scholl, supra, the court declared: "The case was tried by the court without a jury and no instructions were asked. We must, therefore, assume that the case was tried upon a proper legal theory, and if there is any substantial evidence supporting the finding, we must affirm the judgment." [Citing Jordan v. Davis supra and Brix v. Fidelity Co., supra.]

For the reasons above stated we hold that there is no prejudicial error in the case, and that the court properly overruled defendant's demurrer at the close of plaintiff's case.

The judgment is for the right party and is affirmed. All concur.