## MERIDIAN LUMBER COMPANY, LTD., Respondent, v. LOWRY LUMBER COMPANY, Appellant.

### Kansas City Court of Appeals, April 4, 1921.

1. **APPEAL AND ERROR:** Trial Practice: Mere Expression of Trial Court's Attitude Does not Amount to Special Finding or Declaration of Law. Where a counterclaim was filed by defendant to recover amount paid out for demurrage caused by failure to route cars according to instructions, a statement by trial judge that there was no evidence the delay would not have been sustained as much over one road as the other, and that the claim for demurrage should have been against the railroad, was merely an expresion of the court's attitude on the question of defendant's counterclaim, and does not reach the dignity of a special finding or declaration of law, particularly where it was not made by request of either party, and does not have the effect of a finding within provisions of section 1972, Revised Statutes 1909.

2. ———: ———: In an Action at Law Where no Declaration of Law was Requested or Given the Judgment will be Sustained if There is Any Substantial Evidence to Support it. Where a general verdict was rendered and no instructions were requested or given by court sitting as jury in order to inform reviewing court on what theory the issues were tried and determined, the judgment will be affirmed if there is substantial evidence to support the verdict.

Appeal from the Circuit Court of Jackson County.— *Hon. Thomas B. Buckner,* Judge.

AFFIRMED.

*Davis & Davis* and *John N. Davis* for respondent.

*Wm. Walter Brady* and *John N. Swenson* for appellant.

ARNOLD, J.—This is an action to recover the balance of the purchase price of two carloads of lumber.

Defendant,- then doing business as the Beekman Lumber Company, purchased of plaintiff two carloads of

lumber of specified dimensions, at agreed prices, which said lumber was sold March 27, 1918, and delivered to defendant. The price quoted and accepted amounted to a total of $857.88 f. o. b. the mills of plaintiff in the State of Louisiana. Of this amount $631.28 was paid, and this suit was instituted to collect the balance. The petition charges the facts as above stated.

The answer is a general denial, and by way of further answer and counterclaim, "defendant states that plaintiff is indebted to defendant in the sum of $226.60 for the reason that plaintiff failed to ship two certain carloads of lumber according to instructions given whereby defendant was caused an expenditure of $226.60 for and on plaintiff's behalf, and because of plaintiff's carelessness and mistakes."

The testimony which was not disputed shows that the formal order for the lumber directed that the shipment be made to Memphis, Tenn., via the Rock Island Railroad, and that through an error of the plaintiff shipment was made over the Red River & Gulf and the Missouri Pacific railroads. The shipment was delivered at Memphis by the Missouri Pacific Railroad.

Defendant's testimony tends to show that the object in directing the shipment over the Rock Island Railroad was that by so doing a diversion could be had to ultimate destination on a through freight rate. It further developed in the testimony that defendant believed that such an arrangement of diversion could not be made with the Missouri Pacific Railroad. The matter of diversion was taken up by the parties by correspondence and telegraph and it was learned that the diversion could be made by the Missouri Pacific Railroad. In the meantime the lumber was left on the tracks at Memphis until demurrage amounting to $220 and $6.60 federal tax had accrued. The shipment was then accepted by defendant and paid for, after deducting the amount of $226.60, covering the items above indicated, which said deduction is the basis of this action.

The case was tried before the court without the aid of a jury and no declarations of law were asked and none given. The court found for plaintiff and defendant appeals.

The record discloses that at the close of the case the trial judge expressed his opinion of the counterclaim in the following language: ''There is not any question as to the fact that they were directed to ship over one road and they shipped it over another, but there is no evidence that the delay in Memphis would not have been sustained as much over one road as the other, and this demurrage, if improperly caused down there, is against the railroad, and not by way of offset. I don't think their remedy is against you on account of that.''

We are of the opinion that this is merely an expression of the court's attitude on the question of defendant's counterclaim and does not reach the dignity of a special finding or declaration of law; and it does not have the effect of a special verdict. [Joblin v. Illinois Surety Company, 193 Mo. App. 132, 182 S. W. 143.] And the verdict is to be treated as general. [Land Company v. Bretz, 125 Mo. 418, 423.]

This statement of the court was not made at the request of either party and does not fall within the provisions of section 1972, Revised Statutes 1909, and has not the effect of a finding under the statute. [Patterson v. Patterson, 200 Mo. 335, 98 S. W. 613; Lesan Advertising Co. v. Castleman, 165 Mo. App. 575, 148 S. W. 433.] It is such a finding and judgment as cannot be reviewed on appeal unless declarations of law had been asked and refused in order that this court might see upon what theory the case was tried. Unless this is done the finding of the court below is not controvertible. [Jordan v. Davis, 172 Mo. 599, 72 S. W. 686; Chrisman v. Scholl, 177 Mo. App. 488, 164 S. W. 131.]

In Olive Street Bank v. Phillips, 179 Mo. App. 488, 160 S. W. 721, the court said: ''As the cause was tried below before the court without a jury, a jury having

been waived and no declarations of law were asked by either party and none given, if there is any substantial evidence upon which to base the judgment below, and if the latter can be held to be correct upon any theory whatsoever, it is our duty to sustain it."

In Chrisman v. Scholl, supra, the court held: "The case was tried by the court without a jury and no instructions were asked. We must therefore assume that the case was tried upon a proper legal theory and if there is any substantial evidence supporting the finding we must affirm the judgment." [Citing Jordan v. Davis, supra; Brix v. Fidelity Co., 171 Mo. App. 518, 524, 153 S. W. 789; Wm. Huke Mfg. Co. v. Baltimore & O. R. Co., 146 Mo. App. 355, 123 S. W. 943.]

In the trial of the case at bar, no instructions having been requested or given by the court, there are no errors presented by the record for us to review. It has repeatedly been held that where the court trying the issues of fact sits as a jury and gives a general verdict, that the only way in which errors can be corrected, if the court decides erroneously, or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see on what theory the issues were tried and determined. We will not, in an action at law, weigh the evidence and determine whether or not the finding of the trial court was correct on the evidence.

In this case we are not advised by the record whether the court found for plaintiff on the law or the facts. [Altum v. Arnold, 27 Mo. 264; Easley v. Elliott, 43 Mo. 289; Harrington v. Minor, 80 Mo. 270; Wood v. Land, 22 Mo. App. 425.] There is substantial evidence in the case to support the verdict of the court. For the reasons herein stated, the judgment is affirmed.

All concur.