# MARCH, 1935.

State ex rel. James L. Clark, Trustee, etc., Respondent, v. National Surety Company, a Corporation, Appellant.—82 S. W. (2d) 616.

Kansas City Court of Appeals. April 1, 1935.

E. M. Jayne for respondent.

John Campbell, Henry L. Jost and Mord M. Bogie for appellant.

SHAIN, P. J.—This is an action seeking to recover on the bond of Charles S. Davis, now deceased, for monies alleged as coming into his hands as trustee of the trust estate of Mary M. Parker and Mary Katherine Fortney.

The trust estate was created by the will of Albert G. Parker, deceased. Albert G. Parker, a resident of Adair County, Missouri, departed this life February 6, 1928, and by the terms of his will, which was duly probated, it was provided that Mary M. Parker, his widow, should have the income from the *corpus* of his estate, after payment of his debts and costs of administration, and at her death the *corpus* of the estate was to go to his daughter, Mary Katherine Fortney.

Charles S. Davis, then a resident of Adair County, Missouri, was duly appointed, qualified and acted as the executor of the estate of Parker, deceased, and gave bond as such executor. Davis took charge of the assets of said estate and administered thereon. The inventory filed in the Probate Court of Adair County showed total assets of $5,848.95.

On May 24, 1929, Charles S. Davis made a final settlement as executor of the estate of Albert G. Parker showing a balance on hand of $3,128.39 and said settlement was duly approved and distribution was duly ordered by the probate court.

It appears that on said date, May 24, 1929, Charles S. Davis signed a receipt from himself as executor to himself as trustee for the full balance shown to be due by the final settlement.

It stands admitted, that from and after the final settlement on May 24, 1929, no further order appears as made in the probate court touching the matter of the Albert G. Parker estate. No order of final discharge of Davis, as executor, is shown.

It is shown by the abstract filed herein that Charles S. Davis, on July 10, 1929, filed a petition in the Circuit Court of Adair County, Missouri, asking to be appointed trustee for Mary M. Parker and Katherine Fortney and the circuit court acting on said petition appointed said Davis as said trustee and on said day said Davis is shown to have filed his bond in the sum of $6,000 with the National Surety Company, appellant herein, as surety.

The bond given in the above matter is in words and figures, as follows:

"In the Circuit Court of Adair County, Missouri.

"Charles S. Davis, Executor of the Estate of Albert G. Parker, Deceased, Ex Parte Petitioner.

"We, Charles S. Davis, as principal and National Surety Company, as surety, acknowledge ourselves to owe or stand indebted to the State of Missouri in the sum of $6,000.00, upon condition that the said Charles S. Davis has been in the above entitled matter appointed

trustee by the aforesaid Circuit Court to receive, take charge of and administer the sum of $3128.39. To pay the income therefrom to Mary M. Parker during her life and at her death to pay said sum and any undistributed earning thereon to Mary Katherine Fortney. Now, if the said Charles S. Davis shall well and faithfully perform said trust, pay over and account for the aforesaid money, then this obligation to be void, otherwise to remain in force.

"Dated this 21 day of June, 1929.

"Charles S. Davis,

"National Surety Company,

"By V. G. Faust,

"Resident Vice President.

"(Seal)

"Attest: Claude E. McCormick,

"Resident Asst. Secretary."

It will be noted that the appointment as trustee and the giving of the bond is one month and sixteen days after Charles S. Davis, as executor, had signed a receipt as having received all of the balance due in the estate to himself as trustee.

It is shown that Charles S. Davis departed this life in December, 1930, and E. O. Beals was duly appointed the administrator of his estate with will annexed. It is further shown that James L. Clark, after the death of Davis, was duly appointed by the Circuit Court of Adair County, Missouri, as trustee of the Parker trust estate.

The respondent herein, plaintiff below, admits that Charles S. Davis was insolvent at the time of his death.

As before stated, this is an action by James L. Clark, trustee aforesaid, seeking to recover against the National Surety Company, defendant below, on a bond signed by the Surety Company for Charles S. Davis, trustee as aforesaid.

The parties to this action waived a jury and trial was by the court. The court, after hearing evidence and argument, found in favor of the plaintiff and judgment was entered against the defendant in favor of plaintiff for the principal sum of $2408.55, interest $411.32, damages $391.98 and attorney fees $500, totaling $4,701.85.

From the above judgment, defendant has duly prosecuted its appeal to this court.

### OPINION.

The defendant in its brief makes a number of assignments of error and much authority is cited by both defendant and plaintiff, touching the matters assigned.

The fact that an action involving the same parties and the same subject-matter was before this court by writ of error at the time this

cause was tried below, and further, the fact that the case then pending' on writ of error has been finally disposed of by this court will render it unnecessary to burden this opinion with consideration of many of the points presented and authorities cited.

The case referred to as having been in this court on writ of error is Clark v. Beal, reported in 67 S. W. 114.

In the above case there had been a judgment for plaintiff, as in the case at bar. This court reversed the above cause on several stated grounds. The principal ground for reversal was that the judgment was *corum non judice,* by reason of want of jurisdiction under the pleadings as therein presented. In the opinion, touching the issue as herein presented, REYNOLDS, C., says:

"(9) 7. Again, if the proceedings employed in the court below had been otherwise legal and unobjectionable, yet the court would not have been authorized to make the finding that there was due from Charles A. Davis, as trustee, the sum of $3,408.55, for which the surety upon his bond as such trustee was liable, upon the sole evidence afforded by a receipt executed by Charles S. Davis, as trustee, to himself, as executor of the estate of Albert G. Parker, deceased, found among the vouchers filed by him upon his settlement in the probate court as such executor. There must have been additional evidence that he, in fact, had such funds in hands as executor and transferred them from himself as executor to himself as trustee, or that he replaced the same as trustee. He could not discharge himself as executor and relieve his sureties as executor and charge himself as trustee and his sureties as trustee with liablility for such funds by a mere book entry or charge or acknowledgment by way of written receipt. A mere naked liability could not be so transferred. He must have had the funds on hand as executor, or he must have replaced them as trustee. Before his surety as trustee could be charged with liability, it must have been shown that he had received such funds as trustee. [State ex rel. Jacobs v. Elliott, 157 Mo. 609, 57 S. W. 1087, 80 Am. St. Rep. 643; State ex rel. Hospes v. Branch, 151 Mo. 622, 52 S. W. 390; State ex rel. Short v. Hardy, 200 Mo. App. 405, 206 S. W. 904.''"]

The evidence presented and shown in the abstract herein, touching the question of the funds of the trust estate coming into the hands of Davis as trustee, presents no stronger proof than in the Clark v. Beal case, *supra.* We, therefore, adopt the language of that opinion as quoted above as applicable herein.

In the brief of plaintiff, respondent herein, it is sought to fix liability on the bond based upon the language of a quotation from the bond which, when taken from its context, would appear to place liability on the bond, by reason of the fact that the trust fund never came into the hands of Davis as trustee.

The quotation is as follows:

". . . upon condition that the said Charles S. Davis has been . . . appointed trustee . . . to receive, take charge of and administer the sum of $3,128.39. To pay the income therefrom to Mary M. Parker during her life and at her death to pay said sum and any undistributed earnings thereon to Mary Katherine Fortney."

One needs but to read the bond in issue as a whole to understand that liability only attached as to money that actually come into the hands of Davis as trustee and that no liability was placed upon the defendant corporation predicated on the fact alone that the court had appointed Davis as trustee to *receive and take charge of* the assets.

Having reached the conclusions, as above stated, we need not comment on other points presented. The judgment is reversed. All concur.

### CONCURRING OPINION.

BLAND, J.—We adhere to the ruling made in this case on its original submission and readopt the opinion of SHAIN, P. J., handed down at that time. However, it is not inappropriate for us to pass upon additional points suggested by the plaintiff.

It is stated that Davis, the trustee, was guilty of a breach of the bond requiring him to "receive and take charge of" a definite sum of money, to-wit: $3,128.39, because the sureties on Davis' bond as executor were solvent and the money could have been recovered from them by Davis, as trustee. It is also claimed that the bond was breached in that Davis, as trustee, "after his appointment, both by word and action misled the beneficiaries into thinking that he" had the money; that had he not misled the beneficiaries they could have proceeded against the sureties on Davis' bond as executor, but being misled they did not know the facts and did not pursue this course and finally, when the true facts were known, the sureties on Davis' bond as executor had become insolvent.

There is no provision in the bond that required Davis as trustee to proceed against the sureties on his bond as executor. Therefore, we need not speculate as to what would have been the outcome of such an unusual proceeding. Neither does the bond cover the fraud, misrepresentation or misleading information that Davis, as trustee, might have been guilty of. The wording of the bond to "receive and take charge of" certain money is not broad enough to cover the trustee's derelictions in these respects.

"The liability of a surety is measured by his contract and whether he is a gratuitous or compensated surety, while he is liable to the full extent thereof, such liability is strictly limited to that assumed by its terms, or, as the rule is otherwise stated, a surety is not held beyond the terms, or the strict, or the precise, or the clear, or the ex-

press terms of his contract; and the surety has the right to stand upon the strict, or precise, or the very terms of his contract; and to rely on the strict letter thereof.'' [50 C. J., pp. 71, 72, 73.]

There is no theory upon which the court could have rendered judgment against the defendant. Therefore, the judgment was erroneous. [Beall v. Miller, 207 Mo. App. 32, 36.] It is apparent that Davis, as trustee, turned over to the beneficiaries all of the money that he received in that capacity and, consequently, there was no breach of the bond. The inability of the plaintiff to recover being apparent it would serve no useful purpose to remand the case for another trial. Therefore, the judgment is reversed. All concur.