In re MARRIAGE OF Patricia Ann
GARNER (Petitioner-Respondent)
Respondent,

and

Billy Bryan Garner (Respondent-Petitioner) Appellant.

No. 45797.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 22, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Dowd & Dowd, Edward L. Dowd, St. Louis, for appellant.

Frank R. Fabbri, St. Louis, for respondent.

SMITH, Judge.

Husband appeals from the action of the trial court awarding custody of the parties' four year old son to the wife in a dissolution proceeding. We reverse and remand as to custody.

The trial court entered the following memorandum at the time of its judgment:

### "MEMORANDUM

"The principal issue contested and tried was the custody of the minor child, Steven.

"Only the paternal grandparents possess moral stability and financial responsibility. But both of them expressly declined to seek custody of their grandchild, Steven. If Respondent had custody of Steven, there would be no assurance that the grandparents can exercise control of their son, and there is much evidence to the contrary. Thus, there would be no assurance that Steven would remain in the home of his paternal grandparents or under their care.

"The child Steven is presently functioning satisfactorily and adequately cared for in the home of his maternal grandmother, (shared by his mother), despite the grandmother's own lack of care of her own minor children. Any danger in the future that that home may become unsatisfactory for Steven, (should the maternal grandmother's husband return from prison or should Petitioner marry one Clifford Huson) can then be considered by the Court in determining whether custody of Steven should be changed."

Eight days after the judgment the husband filed a motion to amend the judgment to award custody to the paternal grandparents. This was accompanied by affidavits of both paternal grandparents requesting custody. Fourteen days after the original judgment the motion was heard. Testimony from the grandparents indicated that the purpose of their testimony at trial that they were not seeking custody was to support their son's request for custody and did not constitute a rejection of their own desire for custody. The court indicated doubt of its authority to award custody to the grandparents. Two days after the hearing the trial court denied the motion to amend. This appeal followed.

Our interpretation of the court's memorandum is that it made a finding that neither parent had the moral stability and financial responsibility to be a fit parent. In short, both were unfit. The record more than supports such a determination. Both parents have a history of extensive and continuing drug and alcohol abuse. The wife during the marriage associated with and, inferentially at least, had a continuing sexual relationship with one Clifford Huson. The child was present both during such drug/alcohol usage and some of the sexual activities. Clifford Huson is a heavy user of both drugs and alcohol and has acted violently toward a former girl friend and possibly toward the child whose custody is disputed. He tends to become violent when drinking. He and the wife were still keeping company at the time of trial.[1] An offer of proof indicated that Huson has served a sentence for a conviction in a federal court of a narcotics violation and that wife was aware of his criminal record. The home in which wife lived at the time of trial with her son is that of her mother. One month prior to wife moving into that home her stepfather began serving a lengthy sentence for rape and sodomy of a minor girl. He had an earlier conviction for armed robbery. When he may be released from prison and return to the home is not established by the record.

After the birth of her child, wife, who was unemployed, left much (85–90%) of the care of the son to the paternal grandparents. On frequent occasions wife would remain up very late at night and sleep well into the afternoon leaving the son unattended while the husband was at work. At the time of trial wife was working and the son was in a day care center.

Husband worked during portions of the marriage as a deckhand on a tugboat. At the time of trial he was unemployed. During the marriage he pleaded guilty to charges of sale of a narcotic drug and marijuana and was placed on probation which was completed satisfactorily. There was

---

1. Father's brief states they have married since the judgment was entered. The record, of course, does not so reflect and we are bound by the record.

evidence that he also was guilty of infidelity during the marriage (not apparently in the child's presence) and had given the child marijuana seeds to eat on occasions. There was also evidence that he had on occasions struck his wife. He also had not made all his child support payments, in some cases possibly because of a lack of funds.

■ We have set forth the evidence which is supportive of the trial court's finding of unfitness of the parents. Whether or not the trial court believed all of that evidence, that which was admitted by the parties was sufficient to compel a finding of unfitness of both parents.

The trial court erred in awarding custody to the wife. An unfit parent is an unsuitable custodian for a child. We cannot conclude that a child may be placed with one parent because he or she is relatively less unfit than the other parent. Neither parent was a fit custodian for this child.

The following statement of the court in *Waters v. Gray*, 193 S.W. 33 (Mo.App.1917) [2–4], is as sound today as it was when set forth therein:

"It has become axiomatic that the welfare of the child is the sole guiding star in cases such as this. No citation of authorities is necessary on this score. All else sinks into insignificance. And while the parents have a right, by nature and by law, to the custody of children, which right should never be denied, except for the most cogent reasons, yet whenever such occasion arises, and such occasions arise, not alone by reason of the lewdness, immorality, or dissipation of the parents, or either of them, but whenever conditions are shown to be such that to continue the custody of the child with the parents or either of them, would be contrary to the permanent well-being of the child, then that natural right of the parent must give way, for this natural right of guardianship is less paramount than the life, health or morals of the child."

■ The trial court has the authority to award custody to third parties if both parents are unfit, incompetent or unable to care for the child or the welfare of the child manifestly calls for it. *In re Marriage of*

*Wofford*, 589 S.W.2d 323 (Mo.App.1979) [1–3]. *See also, Downing v. Downing*, 537 S.W.2d 840 (Mo.App.1976) [1, 2]; *Johnson v. Johnson*, 628 S.W.2d 709 (Mo.App.1982) [1–3]. Such custody may be awarded contrary to the requests of both parents and to persons who have not formally requested such custody. *S——— v. G———*, 298 S.W.2d 67 (Mo.App.1957) [1–4].

We make no determination of the proper custodian for this child. The trial court's memorandum indicates its belief that the paternal grandparents are acceptable custodians, and the record before us would support such a conclusion. Upon remand the trial court may conduct such further proceedings as it finds necessary to determine the continuing suitability of the paternal grandparents and any conditions which might be necessary if custody is placed in them, or whether custody should be placed in some other third party.

Judgment of custody reversed and remanded. Judgment concerning visitation, temporary custody, and child support reversed and remanded to be reexamined after determination of custody is made. Judgment in all other respects affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.