**In re Ex parte Christopher Shawn WALLS and Charles Lewis Walls, Respondents,**

**v.**

**Alvin MURRAY and Imogene Murray, Appellants.**

**No. 47546.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1985.

Edward Joseph Grewach, Troy, for appellants.

Ronald L. Boggs, St. Charles, for respondents.

IVAN LEE HOLT, Jr., Special Judge.

Charles and Sherry Walls were married May 11, 1974. One child, Christopher Shawn Walls, was born of that marriage on May 1, 1976. The above marriage was dissolved by the Circuit Court of St. Charles County on December 16, 1977. Under the decree then Sherry was given custody of Christopher, with visitation to Charles conditioned on his not drinking any alcohol during those times.

On May 22, 1983, Sherry was killed in an automobile accident and on May 23, 1983,

Charles filed a petition for a Writ of Habeas Corpus for the custody of Christopher. The appellants, Christopher's maternal grandparents, filed an answer raising the issues of Charles' fitness as a parent and Christopher's best interest. After hearing evidence, the Circuit Court of Lincoln County granted the writ and ordered appellants to deliver Christopher to his father. It is from that order appellant's appeal.

The evidence showed that Charles had a history of alcoholism from 1963 to 1982, which contributed some to the dissolution of his three prior marriages. Also, that that contributed to a number of incidents of violence toward his wives, including his present one.

But the evidence also showed that respondent was hospitalized for alcoholism about sixteen months before the hearing and hasn't had a drink since. Too, that his violence was never directed toward a child, and that he was devoted to Christopher. Charles and his present wife are employed at St. Joseph's Health Center in St. Charles and have been for many years, where she is a registered nurse with special training in alcoholism. She verified Charles's not having a drink for about a year and a half and testified that with her training, living and working with him, she would know.

Having in mind that in custody matters a fit natural parent should be given preference over those who are not, *In Re Wakefield*, 365 Mo. 415, 283 S.W.2d 467, and that the best interest of the child is paramount, *In Re Shepler*, Mo., 372 S.W.2d 87, we cannot say under the evidence heard that the trial court erred in ordering the custody of Christopher to his father, and we do not.

Affirmed.

DOWD, C.J., and CLEMENS, Senior Judge, concur.