Robert B. Reeser, Jr., Sedalia, for appellant.

R. Lin Alexander, Marshall, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

## ORDER

**In re B.W.D.,**

**No. WD 38536.**

Missouri Court of Appeals, Western District.

March 3, 1987.

Martin M. Bauman, St. Joseph, for appellant.

Robert B. Randolph, St. Joseph, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

The natural mother filed a petition for writ of habeas corpus to obtain custody of B.W.D., her son born September 11, 1970, from his stepmother. The stepmother asked the court to dismiss the habeas action and to grant her legal custody. The stepmother prevailed and the mother appealed.

The mother and father's marriage was dissolved in February, 1978; the mother was granted custody. She and B.W.D. moved to Colorado, where the boy had problems in school and problems with telling the truth. In 1981 the mother sent the boy to live with the father on his farm near St. Joseph. Upon presentment of a stipulation of the parents the circuit court in April, 1982 the court awarded legal custody to the father. In December, 1983 the father and stepmother were married. The father died in June, 1986. This action was then filed.

The mother is in the military, and has had some visitation with the boy. There was evidence her unit was to be transferred overseas from her present duty in Arizona. As the court's finding's notes, the boy has done well in the home of the stepmother and her three children, has done well in school, prefers to stay with the stepmother and has no desire to live with his mother. There was some evidence as to the boy being unhappy with his mother's morals. B.W.D. was almost sixteen at trial—the findings show he is well-adjusted and doing well in high school. The court correctly assessed its dilemma as being "faced with a 15¾ year old boy who has a

past history of juvenilism and whose mother now wishes to uproot him and probably undo all the good that has been done is the last five years." The choices were to leave the boy in the home he had been in since 1981 and where he was happy and doing well, or have him go to live with his mother on a military base, an alternative the child both in chambers and in open court flatly rejected. The boy indicated if sent to live with his mother he would run away.

The child testified he considered his step-mother as his mother. A sister and cousin of the deceased father as well as the boy's school principal testified for the stepmother.

The court ruled it was clearly in the best interest of the boy to award legal custody to the stepmother and keep him, as per his wishes, in the present home. There was no conclusion of the natural mother being an unfit parent.

There are two legal principles are applicable—they however create a dilemma as to adjudication of this case.

"The welfare of the child is the paramount consideration in adjudications of the right to custody." *In Re Wakefield,* 365 Mo. 415, 283 S.W.2d 467, 473 (banc 1955). The judge found, and this court agrees the best interest of B.W.D. would be to award custody to the stepmother and leave him in her home.

"It is universally held that a parent has the paramount right to the custody of his or her minor child as against third persons, unless it is established that he or she is an unfit person or is unable to care properly for the child." *In Re Wakefield, supra* at 472; *In Re Marriage of Campbell,* 685 S.W.2d 280, 283 (Mo.App.1985). Although the trial court looked upon with disdain an instance of a male companion of the mother's in Colorado when B.W.D. was in her custody, as well as an incident in a bar in Arizona while the child was there on a visit, no conclusion was made which found her unfit.

Our law also provides for custody being vested in third persons regardless of the parent's fitness if "extraordinary circumstances may mandate" so mandate. *Har-*

*ris v. Harris,* 685 S.W.2d 242, 243–44 (Mo. App.1985); *Walls v. Murray,* 689 S.W.2d 62, 63 (Mo.App.1984).

The case of *In Re Marriage of Garner,* 651 S.W.2d 564, 566 (Mo.App.1983), adds still another circumstance for third party custody, "when the welfare of the child manifestly calls for it."

The trial court, as stated earlier, did not conclude the mother to be unfit, and from a review of the record such a conclusion, reviewed under the standard of a court tried case, would be tenuous. *Petri v. Petri,* 688 S.W.2d 386, 389 (Mo.App.1985).

Under the evidence here the court concludes the custody award to the stepmother was correct and should be affirmed. It is manifestly in the child's best interest to leave him where he has been and thrived for the past five years. The extraordinary circumstances here support the judgment, even in the absence of the parent being found unfit. In reaching this result, the court is not unmindful of its opinion in *Frederick v. Frederick,* 617 S.W.2d 629 (Mo.App.1981). In *Frederick,* the contest was between a father and an aunt. The court stated great weight was to be given the "biological relationship," but that relationship between parent and child was never, "expressed in contravention of the best interest of the child." *Id.* at 634. The "presumption" in favor of a natural parent was expressed as, "an expression favoring the natural parent if there is no showing why they should not prevail." *Id.,* at 635; *Johnson v. Johnson,* 628 S.W.2d 709, 713 (Mo.App.1982). This court went on to reject a contention of the aunt to completely disregard the parental relationship and rely solely on the best interest test. *Id.* at 636–37.

The result in the case at bar does not do violence to the right of a natural parent nor erode the vigilance required to protect the rights of a natural parent. *In the Interest of A.H.,* 662 S.W.2d 317, 319 (Mo.App. 1983). Here the mother had allowed custody to be transferred five years prior to this action—visitation had been sporadic and the ties between she and her son attenuat-

ed and he was living in a wholesome environment. *A.H., supra,* at 319. The special extraordinary circumstances here, in addition to the mother's possible relocation of military duty constitute the award of custody to the stepmother, as being in the boy's best interest. *In the Interest of K.K.M.,* 647 S.W.2d 886, 892 (Mo.App.1983). The court expresses hope the mother will seek more contact with her son, and that the stepmother will co-operate.

The judgment is affirmed.

All concur.