Sherwood GRAVES, Plaintiff-Appellant,

v.

Clyde STEWART and Blackmon Auctions, Inc., Defendants-Respondents.

No. 63854.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1982.

Rehearing Denied Jan. 11, 1983.

Robert W. Freeman, Daniel P. Wade, Ava, for plaintiff-appellant.

Richard D. Moore, West Plains, Richard T. Martin, Gainesville, for defendants-respondents.

GUNN, Judge.

The seeds of legal controversy in this case are rooted basically in partnership. The issues sought to be developed are whether a partnership existed between plaintiff-appellant and his alleged partner, defendant-respondent Clyde Stewart, and whether there was an unauthorized sale and conversion of plaintiff's personal assets by both defendants-respondents. The trial court, without jury, resolved all issues in favor of defendants-respondents, including an ex gratia determination that no partnership existed between plaintiff and defendant-respondent Stewart.

Appeal to the Southern District resulted in affirmance of the trial court's findings. This Court granted transfer. A full and complete review of the transcript supports the conclusion that the plaintiff was entitled to no relief.

The pertinent facts of the case taken, without quotation marks, from the Southern District's opinion written by Judge Flanigan are:

Plaintiff Sherwood Graves brought this action against defendant Clyde Stewart and defendant Blackmon Auctions, Inc. ("Blackmon"), an Arkansas corporation. On June 6, 1975, Blackmon conducted an auction at Theodosia, Missouri. The articles sold included crawler tractors, motor graders, motor scrapers, dump trucks and other items of heavy equipment. At the time of the auction Graves and Stewart were indebted, on three promissory notes, to the First National Bank of West Plains, which had a mortgage on some but not all of the equipment sold. The debt totaled $53,345.11. On the day of the auction, an hour or so after its conclusion, Blackmon issued a check in the amount of $53,345.11 payable to that bank. On the following day that check was delivered by Stewart to the bank in payment of the notes.

The issuance of the check by Blackmon, and the handling of it by Stewart, were, so the petition claimed, wrongful and constituted a conversion of proceeds of the auction to which plaintiff Graves was entitled. The separate answers of the defendants denied any impropriety and alleged that the issuance of the check and the delivery of it to the bank were done with the express approval of plaintiff and at his direction.

The trial court and the Southern District in affirmance found that there was ample evidence to conclude that there had been no conversion of plaintiff's personal assets through the auction sale of property—whether individually owned by plaintiff or part of some partnership. The funds raised by the auction sale of the property were used to pay promissory notes on which plaintiff was obligated. The record fully supports this conclusion. *See Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481 (Mo. banc 1980), and Rule 73.01(c) for standard of appellate review in court tried cases.

■ Whether or not a partnership existed between plaintiff and defendant-respondent Stewart does not bear on the matter of whether plaintiff had authorized the auction sale by defendant-respondent Blackmon of personal property to pay off notes on which plaintiff and defendant Stewart were jointly liable. There is substantial evidence, which need not be detailed, to support the trial court's finding that the sale and subsequent use of funds to pay the notes had been authorized by plaintiff. Under that circumstance, in which an

owner expressly or impliedly assents to or ratifies the disposition of his property, there can be no recovery for conversion, as there was no unauthorized conduct regarding the property of the owner. *Kegan v. Park Bank,* 320 Mo. 623, 8 S.W.2d 858, 871 (1927); *Dewey v. American Stair Glide Corp.,* 557 S.W.2d 643, 649 (Mo.App.1977).

The existence of the partnership issue was not finally determined by the Southern District nor has it been by this Court. It apparently remains viable by reason of a partnership accounting suit pending in circuit court.

In its opinion, the Court of Appeals, relying primarily on *Prudential Property & Casualty Insurance Co. v. Cole,* 586 S.W.2d 433 (Mo.App.1979), found that volunteered findings of fact and conclusions of law by the trial court in a bench trial do not form a proper basis for review on appeal.

We believe that the better rule is that when no request is made of the court in a court-tried case to make specific findings of fact or conclusions of law and they are voluntarily given, such findings and conclusions do form a proper basis for assigning error and should be reviewed. Any holding to the contrary is hereby overruled.

Except with regard to its findings regarding the partnership—and no conclusion is reached in this opinion concerning that matter—the judgment of the trial court is not against the weight of the evidence and is supported by substantial evidence; no error in the declaration or application of the law otherwise appears. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

We also hold that volunteered findings of fact and conclusions of law by the trial court in a jury waived case do provide a proper basis for assignment of error and appellate review.

Judgment affirmed as modified.

DONNELLY, C.J., RENDLEN, WELLIVER and HIGGINS, JJ., and FINCH and SEILER, Senior Judges, concur.

BILLINGS, J., not participating because not a member of the Court when cause was submitted.