Adeline LIEBELT, a/k/a Ad Liebelt,
Plaintiff-Respondent-Appellant,

v.

COMMERCE BANK OF SPRINGFIELD,
Defendant-Appellant-Respondent.

Nos. 13930, 13967.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 30, 1985.

---

David F. Sullivan, Hulston, Jones & Sullivan, Springfield, for defendant-appellant-respondent.

Mark D. Wheatley, Springfield, for plaintiff-respondent-appellant.

HOGAN, Presiding Judge.

■■■ This is a declaratory judgment action. Plaintiff Adeline Liebelt, widow of Gust Liebelt, sought a declaration of her interest in a certificate of deposit issued by the defendant. The trial court found for the plaintiff and against the defendant. Upon a general request, the court made Findings of Fact and Conclusions of Law. In our view, the facts are accurately and impartially stated and the controlling precedent is accurately applied. The transcript and legal file have been carefully read in this court. The briefs have been read; additional authority has been consulted. In reviewing the judgment, which is based on the Findings of Fact and Conclusions of Law, we are firmly held and bound by the decision of our Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). In addition, the Findings and Conclusions, although they were not correctly requested, form a proper basis for the assignment of error and for review on appeal. *Graves v. Stewart*, 642 S.W.2d 649, 651[3] (Mo. banc 1982); *Lohrmann v. Carter*, 657 S.W.2d 372, 376 (Mo.App.1983). A gloss upon the law relied on by the trial court would only show that there are exceptions to the rule and that none are applicable here. None of the four grounds for reversal enumerated in *Murphy* appear. Accordingly, we attach and incorporate the trial court's Findings of Fact and Conclusions of Law in Appeal No. 13930 and affirm the judgment as to the parties' rights in the certificate of deposit.

■■ Appeal No. 13967 is an adjunctive appeal by the plaintiff in which plaintiff contends that her attorney's fees should have been allowed as an item of costs pursuant to Mo.R.Civ.P. 87.09. Costs in a declaratory judgment action have been held to include attorney's fees. *Labor's Educational and Political Club—Independent v. Danforth*, 561 S.W.2d 339, 350[23] (Mo. banc 1977); *Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 1139, 225 S.W.2d 745, 755 (banc 1949). It is also clear that an award of attorney's fees is discretionary with the trial court.

*Bernheimer,* 359 Mo. at 1139, 225 S.W.2d at 755; *St. Louis Union Trust Co. v. Kern,* 346 Mo. 643, 656–57, 142 S.W.2d 493, 500 (1940). However, as Conclusion of Law No. 7 clearly indicates, the trial court applied the usual rule of law and did not look to the case law just cited. We can exercise our power to award attorney's fees only when we find an abuse of discretion, *Stegemann v. Fauk,* 571 S.W.2d 697, 701[6] (Mo.App.1978), and we cannot therefore order an award of attorney's fees to the plaintiff. It does appear to us, given the circumstances, that the evidence may justify such an award to the plaintiff. The cause is therefore remanded to the trial court for its reconsideration in light of the cases just cited. Otherwise the judgment is in all respects affirmed.

PREWITT, C.J., and MAUS, J., disqualified.

CROW, TITUS and ALT, JJ., concur.

EXHIBIT 1

AMENDED COURT'S
FINDINGS OF FACTS

1. On December 3, 1981, plaintiff withdrew all of the funds from her individual savings account with Great Southern Savings & Loan Association of Springfield, Missouri in the amount of $7,908.69 and received a check for same payable solely to plaintiff.

2. On December 3, plaintiff and her husband went to defendant and deposited $10,000 which consisted of plaintiff's check from Great Southern of $7,908.69 and $2,091.31 which came from a checking account which belonged to plaintiff and her husband. In return for the total of $10,-000, the defendant issued the C/D in question.

3. On December 3, 1981, defendant loaned to Gust Liebelt, individually, $12,-500, evidenced by note executed solely by him. On the same date, Liebelt, individually, executed a collateral pledge agreement whereby he attempted to grant defendant a security interest in the C/D to secure his indebtedness to defendant. The note was due and payable March 3, 1982.

4. On December 3, plaintiff left the defendant bank with Liebelt, who at that time had possession of the C/D. Thereafter, she believed that the C/D had been stored with other important papers and documents in the possession of her and her husband. She had no knowledge that her husband had any individual indebtedness to defendant and had no knowledge that he had pledged the C/D as security for his individual indebtedness.

5. On December 3, 1981, defendant said nothing in regard to what the rights of plaintiff and Gust Liebelt might be under the C/D.

6. On March 12, 1982, Liebelt, individually, executed a second promissory note, for $11,500, which was a renewal of the note of December 3, 1981 and was payable June 3, 1982.

7. Defendant's security interest in the C/D was perfected by possession of the C/D, which was in defendant's possession from date of issuance until June 8, 1982.

8. Prior to June 3, 1982, plaintiff received from defendant a notice that upon maturity of the C/D, it would have to be cashed or would be automatically renewed. Plaintiff, thereafter, went to the defendant bank and was told by a cashier employed by defendant that she would have to present the C/D to the bank in order to cash it. She at no time received any notification of any interest in the C/D claimed by defendant. Plaintiff at no time received any notification from defendant of the pledge of the C/D or that Liebelt's note had become due and payable or that defendant had applied the proceeds of the C/D toward his indebtedness.

9. Gust Liebelt died on June 7, 1982.

10. On June 8, 1982, defendant applied the proceeds of the C/D, principal and interest, to the indebtedness then owing by Gust Liebelt to defendant secured by the C/D pursuant to the collateral pledge agreement.

# 80

11. On July 9, 1982, plaintiff was appointed personal representative of the estate of Gust Liebelt (Estate No. CV2–82–620, Circuit Court of Greene County, Missouri, Probate Division).

12. The date of first publication of notice of letters testamentary was July 19, 1982.

13. Plaintiff and Gust Liebelt were married at all times in question.

14. Plaintiff at trial was not sure if she ever saw the C/D but did see the black folder.

15. Plaintiff was never aware that Liebelt had gotten any loan from defendant. Nothing in any of the records she and Liebelt had indicated anything as to any loan or renewal. When plaintiff and Liebelt came to Springfield from South Dakota, Liebelt had a separate checking account and the couple had a special personal family account in Boatmen's National Bank in her name only in which her wages at a cafe which the couple operated were deposited.

16. The C/D in question was on a form supplied by defendant.

17. If the C/D had been automatically renewed pursuant to its terms after its maturity date of June 3, 1982, for similar terms of twenty-six weeks each, with interest accruing thereon at the highest rate paid by defendant on similar certificates of deposit during such renewal period, and with previously accrued interest being capitalized as principal, the C/D would have a value, including principal and all accrued interest, on May 22, 1984, of $12,739.72.

18. On June 8, defendant cashed the C/D and took possession of its proceeds of $10,562.16 and applied the proceeds toward satisfaction of Liebelt's individual indebtedness on the note of March 12, 1982.

19. Defendant, since time of retaining the C/D proceeds, has refused to pay plaintiff any part of the proceeds, claiming that defendant has a superior interest in the C/D by reason of the collateral pledge agreement executed individually by Liebelt.

20. On February 24, 1983, plaintiff through her attorney, demanded payment of the proceeds of the C/D.

## AMENDED COURT'S CONCLUSIONS OF LAW

1. Applying the provisions of Section 362.470 RSMo (1978) in this matter, the court concludes that deposits made in the form of Section 362.470(1) by persons who are husband and wife are not governed by that subsection but by Section 362.470(5). As set forth in *Wulfert v. Boatmen's Bank of Jefferson County*, 671 SW2d 355 (Mo. App.1984) "the common law rule with respect to deposits made in the names of spouses continues to be the rule under (Section 362.470 RSMo.)". Therefore, the plaintiff in this matter is entitled to the proceeds of the certificate of deposit for the reason that the certificate was owned by plaintiff and her husband, Gust Liebelt, as tenants by the entireties. In view of this form of ownership, the pledge of the certificate of deposit by Gust Liebelt, acting individually, did not transfer a valid interest in the certificate of deposit to defendant. While the presumption that the certificate of deposit is held by the entirety is rebuttable, the evidence presented at trial was not so strong, clear, positive, unequivocal and definite as to overthrow the presumption.

2. The court further concludes that even if plaintiff and her husband had owned the certificate of deposit as joint tenants and not as tenants by the entireties, Gust Liebelt did not divest plaintiff of her interest in the certificate of deposit by individually pledging the certificate as security for his individual indebtedness.

3. Furthermore, even if plaintiff and her husband had owned the certificate of deposit as joint tenants and not as tenants by the entireties, the defendant did not acquire such interest in the certificate of deposit as is valid and prior to the interest of plaintiff therein.

4. The defendant's pleaded defense of estoppel is not supported by the evidence.

5. Plaintiff is entitled to judgment against defendant for $14,739.72, together with interest thereon at 9% per annum from date of judgment.

6. Costs should and will be taxed against defendant.

7. Neither party is entitled to an award of attorney fees because such award is not supported by any obligation under any statute or any contract between plaintiff, Gust Liebelt, or defendant, or any of them.

s/ James H. Keet, Jr.
James H. Keet, Jr.

Dated