Richard **BALL**, Appellant,

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY**, Respondent.

No. 49483.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 21, 1986.

Rehearing Denied Feb. 18, 1986.

Friedman, Weitzman & Friedman, C. Marshall Friedman, St. Louis, for appellant.

Armstrong, Teasdale, Kramer & Vaughan, John P. Emde, Clark H. Cole, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Plaintiff, Richard Ball, appeals from a judgment in favor of defendant, Benefit Trust Life Insurance Company, in a court-tried action for breach of an insurance contract and for vexatious refusal to pay plaintiff's claim. We reverse and remand in part and affirm in part.

Plaintiff worked as a painter for Burlington Northern Railroad Company. Between October, 1976 and June 27, 1977, he spray painted the interior of 20 to 25 hopper cars, a type of railroad car used for transporting foodstuffs. He applied epoxy paint and a urethane sealer, both of which contained the chemical, toluene diisocyanate (TDI). The protective equipment provided to plaintiff was ineffective in preventing exposure to the paint and sealer. On June 27, 1977, plaintiff became ill while inspecting a railroad car. His condition was diagnosed as toluene diisocyanate or TDI asthma. He has not worked since that date.[1]

Plaintiff applied to defendant for the "Monthly Accident Benefit" of $200, payable for life under an accident and sickness policy.[2] Defendant refused to pay these

---

**1.** We affirmed the judgment plaintiff obtained against the railroad in his action under the Federal Employers' Liability Act (FELA). *Ball v. Burlington Northern R. Co.,* 672 S.W.2d 358 (Mo.App.1984).

**2.** The pertinent sections of the policy provide: The Company hereby insures you, the Insured, as provided in this policy ... and subject to the provisions, conditions, and limitations contained herein, for loss commencing while this policy is in force and:
(1) resulting directly and independently of all other causes from bodily injury sustained during the term of this policy and effected through accidental cause, bodily injury so sustained and effected being hereafter referred to as 'such injury,' or
(2) resulting from sickness which is contracted and which begins during the term of this policy ..., hereafter referred to as 'such sickness.'

   \*    \*    \*    \*    \*    \*

D. MONTHLY LOSS OF TIME BENEFITS
(1) MONTHLY ACCIDENT BENEFIT: The Company will pay the following loss of time benefits for periods of disability which begin during the term of this policy and before your 65th birthday or your retirement, whichever is earlier, and during which you are regularly

benefits, alleging that plaintiff had not sustained one injury or one exposure to TDI, and that the medical condition of a sensitivity to TDI had predated the June 27, 1977 incident. Because defendant considered TDI asthma a disease, it conceded liability only for the "Monthly Sickness Benefits" of $200, payable for twelve months.

Plaintiff then instituted the present action against defendant-insurer, seeking prospective benefits of $200 per month, payable for life, as well as past-due benefits in the amount of $13,200. He alleges that he sustained injury and is now totally disabled as a result of an accident.

At trial, plaintiff did not request findings of fact or conclusions of law. The trial court nevertheless voluntarily found that "plaintiff's medical condition, TDI asthma, is a disease that comes within the exception in Section I, Par. (3)(b) of the policy in question and, therefore, should be classified, 'as a sickness and not otherwise.'"

In considering the trial court's ruling interpreting a contract, we are governed by several principles. The construction and interpretation of a contract are matters of law, and it is our obligation to determine whether the trial court erroneously construed or interpreted the contract. *Eath-*

*erton v. Moore*, 636 S.W.2d 349, 350 (Mo. App.1982). Further, the standard of appellate review in a court-tried case requires this court to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When, in a court-tried case, specific findings of fact or conclusions of law are not requested but are voluntarily given, such findings and conclusions form a proper basis for assigning error and should be reviewed. *Graves v. Stewart*, 642 S.W.2d 649, 651 (Mo. banc 1982).

It is clear from the evidence that plaintiff's exposure to the epoxy paint and urethane sealer, both of which contain the chemical TDI, caused him to contract TDI asthma. The issue is whether plaintiff is entitled to monthly accident benefits for life or to monthly sickness benefits for twelve months. For plaintiff to qualify for the monthly accident benefits, his TDI asthma must fall within the language of Section I, Par. (3)(a) of the policy which requires that the insured's condition be a "bodily injury brought about by an accidental cause and not otherwise."

attended for 'such injury' by a legally qualified physician or surgeon other than yourself.
(a) TOTAL DISABILITY BENEFIT: The Monthly Accident Benefit per month for a continuous period of total disability which begins within 20 days of the date of the accident. The period of payment for any one accident shall not exceed the 'Monthly Accident Benefit—Maximum Period.'
\* \* \* \* \* \*
'Period of total disability' means the period during which 'such injury,' independently of all other causes, prevents you from performing every duty of your occupation; after the first 12 months of such period, it means that period during which 'such injury,' independently of all other causes, also prevents you from engaging in any occupation or work for wages or profit.
Unless loss of time is due wholly to accidental cause it will be covered only under the Monthly Sickness Benefit provision.
(2) MONTHLY SICKNESS BENEFIT: The Company will pay this loss of time benefit for periods of disability which begin during the term of this policy ... and during which you are regularly attended for 'such sickness' by a

legally qualified physician or surgeon other than yourself.
(a) BENEFIT: The Monthly Sickness Benefit per month for a continuous period of disability. The period of payment for any one period of disability shall not exceed the 'Monthly Sickness Benefit—Maximum Period.'
\* \* \* \* \* \*
'Period of disability' means the period during which 'such sickness' prevents you from engaging in any occupation or work for wages or profit.
\* \* \* \* \* \*
I. EXCEPTIONS AND REDUCTIONS
(3)(a) 'Such injury' as the term is used in this policy, is defined as bodily injury brought about by an accidental cause and not otherwise. Bodily injury, fatal or non-fatal, not resulting from accidental cause shall be considered only under the sickness provisions of this policy.
(b) Any loss, fatal or non-fatal, due wholly or in part to any disease or sickness, ... shall be classified as sickness and not otherwise.

We note that the terms "bodily injury" and "accidental cause" are not defined in the policy. Ordinarily, if a term is defined in the policy, that definition is part of the contract and controls. *Hrebec v. Aetna Life Ins. Co.*, 603 S.W.2d 666, 671 (Mo.App. 1980). Absent such a definition, the language of a contract is considered ambiguous when its meaning is doubtful or uncertain and when it is fairly susceptible to two interpretations. *Nixon v. Life Investors Ins. Co. of America*, 675 S.W.2d 676, 679 (Mo.App.1984). When an insurance policy is open to different constructions, that most favorable to the insured must be adopted. *Id.* Ambiguous language is viewed in light of the meaning as understood by the ordinary layman who bought and paid for the policy. *Robin v. Blue Cross Hosp. Service, Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982).

■■ Since TDI asthma is certainly a "bodily injury" under the policy, we direct our attention to the term "accidental cause." *See Tomnitz v. Employers' Liability Assur. Corp.*, 343 Mo. 321, 121 S.W.2d 745, 747 (1938). In proving the accidental cause of an injury, the test is whether plaintiff reasonably should have anticipated or foreseen the injury as a natural and probable consequence of his voluntary conduct. *Ward v. Penn Mutual Life Ins. Co.*, 352 S.W.2d 413, 421 (Mo.App. 1961). The term accidental cause is equivalent to the term accidental means. *Id.* In the present case, plaintiff was furnished with a protective hood to wear while applying the paint and sealer to the interior of the train cars. He also followed the usual procedures when he entered the newly painted cars for inspection purposes. Plaintiff could not reasonably have anticipated or foreseen, as a natural and probable consequence of his performing these work-related duties, that he would be ex-posed to a toxic chemical and contract TDI asthma. His repeated exposures to toluene diisocyanate in the paint and sealer were the accidental means by which he acquired TDI asthma.

■ Defendant argues that plaintiff's disability is the result of a disease[3] or sickness which in effect limits plaintiff's recovery under Section D, Par. (2)(a) of the policy. The factual determination that plaintiff's condition is a disease, however, does not preclude recovery under the provisions of the policy providing for monthly accident benefits, Section D, Par. (1)(a). The ultimate test to determine eligibility for monthly accident benefits is not whether the condition is a disease but whether it is an injury which was accidentally caused. The focus is on the proximate cause of plaintiff's disability, and not on those predisposing or remote causes. *See, e.g., Lindemann v. General American Life Ins. Co.*, 485 S.W.2d 477, 480 (Mo.App.1972).

■ The evidence in the record establishes that plaintiff's TDI asthma occurred as a result of his exposure to the toxic chemical, toluene diisocyanate. It is immaterial that he may have had a preexisting disease or sensitivity to TDI. Although plaintiff's preexisting sensitivity to TDI might have contributed to his contracting TDI asthma, "the condition of previous health is merely a predisposing and remote cause and not the direct, proximate cause ..." of plaintiff's disability. *See, e.g., Id.* Plaintiff's TDI asthma is encompassed within the language of Section I, Par. (3)(a) of the policy which requires that the insured's condition be a "bodily injury brought about by an accidental cause and not otherwise." *See, e.g., Tomnitz*, 121 S.W.2d at 751. Plaintiff is therefore entitled to the "Monthly Accident Benefits" under the policy.

■ We now consider the question of the trial court's denial of plaintiff's request for

---

**3.** In support of their argument that TDI asthma is a disease, defendant relies on two cases from sister states. *Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 445 N.E.2d 609 (1983); *Falcone v. Western Electric Co., Inc.*, 72 App. Div.2d 644, 421 N.Y.S.2d 134 (1979). Defendant's reliance on these cases is misplaced. Nei-ther opinion addresses the issue of whether or not TDI asthma is a disease. The opinion in each case merely refers to TDI asthma as a disease in deciding other issues pertinent to the case. A similar observation is appropriate with regard to defendant's reliance on § 287.063, RSMo (1978).

penalties and attorney's fees for vexatious refusal to pay his claim. No specific findings of fact were requested or made on plaintiff's request for vexatious damages. As such, we consider the findings to be in accordance with the result reached. Rule 73.01. It can be inferred that the trial court denied the vexatious refusal claim against the insurance company because plaintiff was not entitled to recover on his claim for benefits under the policy. Such a denial is consistent with the court's decision to deny plaintiff the benefits under the policy. *See, e.g., Leimer v. Leimer,* 670 S.W.2d 571, 572 (Mo.App.1984).

Although we hold that plaintiff is entitled to recover accident benefits, it is clear from the record before us that defendant had "reasonable cause to believe and does believe that there is no liability under its policy." *Travelers Indem. Co. v. Woods,* 663 S.W.2d 392, 396 (Mo.App.1983). Plaintiff therefore is not entitled to recover for vexatious refusal to pay his insurance claim.

We reverse and remand with directions to enter judgment in favor of plaintiff on his claim for accident benefits under the contract. We affirm the trial court's refusal to award penalties and attorney's fees.

KELLY and PUDLOWSKI, JJ., concur.