Elizabeth GIESLER,
Petitioner–Appellant,

v.

Christopher GIESLER, Respondent,

and

Katherine Bray and James Bray,
Intervenors–Respondents.

No. 57764.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 5, 1990.

Application to Transfer Denied
Jan. 9, 1991.

William R. Dorsey, Clayton, for petitioner-appellant.

Elizabeth A. Topolse, Clayton, for intervenors-respondents.

CRANE, Judge.

Petitioner Elizabeth Giesler [Mother] appeals the decision of the Circuit Court of the City of St. Louis, James R. Dowd, J., which awarded custody of her three minor children to Katherine and James Bray, Intervenors, the paternal aunt and uncle of the children. We affirm.

On February 2, 1987, Mother filed a Petition for Dissolution of Marriage from Respondent Christopher Giesler [Father]. Three children were born of the marriage. Temporary primary custody of the children was awarded to Father on October 8, 1987, pending a final hearing on the issue of custody.

On June 9, 1988, Katherine and James Bray, the paternal aunt and uncle of the children, filed a Motion to Intervene and a Motion for Transfer of Custody. The Motion to Intervene was formally sustained by Order Nunc Pro Tunc on July 12, 1988. On June 9, 1988, a temporary restraining order was issued whereby Mother and Father were prohibited from interfering with Mr. and Mrs. Bray's custody of the minor children. The Decree of Dissolution was entered February 27, 1989, with the issue of child custody reserved for later determination after a hearing. By Order dated December 6, 1989, primary physical custody of the three minor children was awarded to Mr. and Mrs. Bray with liberal visitation rights to Mother.

The evidence at the two day custody hearing established that the children had been living with Mr. and Mrs. Bray since September, 1987. Father was believed to be living in the State of Maryland and had failed to visit, maintain contact with or provide support for the minor children since May, 1988.

There was evidence that Mother was unable to cope with the demands of parenthood as evidenced by her failure to take the children to or pick them up from school, to demonstrate any interest in their progress in school, to timely obtain their immunizations, to obtain regular and suitable child

care for the children when she was at work, and to provide a standard stable home for them. During her marriage to Father, Mother delegated the care of her children to a relative who resided with the family for a time.

While still married, Mother left the family home and moved into the home of her boyfriend, a twice-divorced man who was allowed visitation with his own children only under supervision. There was evidence that the boyfriend used extremely vile language to and in the presence of the Giesler children, had engaged in physically abusive conduct toward Mother and used physical threats of violence to obtain his way. The boyfriend had incited and fomented discord regarding custody matters between and among the parties. The boyfriend used the children to torment and provoke their Father and Mr. and Mrs. Bray. Mother married the boyfriend shortly before the custody hearing. The trial court found the boyfriend to be morally unfit to be a stepparent to the children and that he would continue in his destructive, immature and hostile behavior to the detriment of the children.

The evidence revealed that Mr. and Mrs. Bray had provided extensive care for the children since their births and provided a positive, stable and loving home for them since 1987. There was evidence that Mrs. Bray encourages the children to have a close relationship with their mother and that the children are enrolled in school and are thriving in the Bray home. The two older children stated clearly and unequivocably at a pre-trial interview in chambers that they wished to remain with Mr. and Mrs. Bray. The guardian ad litem for the children recommended that Mr. and Mrs. Bray have custody of the three children.

■ We must sustain the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declared the law, or erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ Mother first contends that the trial court erred in allowing Mr. and Mrs. Bray to intervene in the custody proceedings. She argues that the statute in effect in 1984, § 452.375.3 RSMo (Supp.1984), did not allow for intervention as of right and that the trial court should not have permitted Mr. and Mrs. Bray to intervene. Even prior to the enactment of the 1988 provisions of § 452.375.4(3)(b) RSMo (Supp. 1988), which specifically provide for intervention, third parties were permitted to intervene in custody proceedings. See, *In re Marriage of Campbell,* 685 S.W.2d 280 (Mo.App.1985); *J.L.E. v. D.J.E.,* 675 S.W.2d 456 (Mo.App.1984). Intervention is governed by Rule 52.12 of the Missouri Rules of Civil Procedure. Permissive intervention is appropriate "(2) when an applicant's claim or defense and the main action have a question of law or fact in common...." Rule 52.12(b). It is clear that Mr. and Mrs. Bray's claim of custody of the children had questions of law and fact common to the resolution of the custody issue in the dissolution action. Under Rule 52.12(b) the trial judge did not abuse his discretion in permitting Mr. and Mrs. Bray to intervene.

■ Section 452.485 RSMo 1986, which was in effect in 1984, states that the court may join as a party to a custody proceeding any individual who has physical custody of the child or claims to have custody or visitation rights with respect to the child. This section vests a trial judge with the discretion to join or permit a party to intervene in a custody proceeding. In the instant case, Mr. and Mrs. Bray had had physical custody of the Giesler children since 1987, providing them with food, clothing and shelter. The trial court did not abuse its discretion in permitting Mr. and Mrs. Bray to intervene in order to seek permanent physical custody of the children. Point I is denied.

■ Mother next contends that the trial court erred in making findings of fact and conclusions of law. Mother argues that, because neither party requested that the trial judge make findings of fact and conclusions of law, the findings and conclusions should not be considered on appeal.

This contention is unsupported by the record and has no merit.

The trial judge told the parties he intended to make findings of fact and conclusions of law. Each party actually submitted proposed findings of fact and conclusions of law and memoranda in support thereof. At no time did Mother object. Even if Mother had objected and had not proposed specific findings of fact and conclusions of law, her contention would have no merit. When findings of fact and conclusions of law are voluntarily given, such findings and conclusions do form a proper basis for assigning error and may be reviewed. *Graves v. Stewart,* 642 S.W.2d 649 (Mo. banc 1982). Point II is denied.

■ Mother's next point is that the court erred in permitting the Guardian Ad Litem to give his report orally as opposed to filing a written report. Mother concedes that this point was not raised at the trial level, but nevertheless urges this court to review this action under the plain error doctrine, Rule 84.13(c). Any error committed by the trial court does not rise to the level needed to find that a miscarriage of justice occured. Because this point was not raised at trial, we will not consider it. *Browning v. City of St. Louis,* 384 S.W.2d 868 (Mo. App.1964). There is no plain error.

■ Mother's fourth point is that the trial court erred by not applying the law as stated in § 452.375.3 RSMo (Supp.1984). That section provides for third party custody awards "when the court finds that each parent is unfit or unable and that it is in the best interest of the child...." Mother contends that the trial court was precluded from placing custody of the children in a third party because the court specifically found that Mrs. Giesler is not an unfit mother.[1] We disagree.

The situations in which third party custody may be awarded have not been confined to those listed in the statute. We have long recognized that third party custody may also be awarded where the welfare of the child manifestly demands it. *In re*

*Marriage of Garner,* 651 S.W.2d 564, 566 (Mo.App.1983) (holding that custody may be awarded to a third party if both parents are unfit, incompetent or unable to care for the child, or if the welfare of the child manifestly calls for it); *Interest of K.K.M.,* 647 S.W.2d 886, 890 (Mo.App.1983) (holding that custody may be awarded to a third party whenever the best interests of the child for some special or extraordinary reason or circumstance mandate such an award, regardless of whether the evidence establishes the unfitness or incompetence of the natural parent); *In Interest of Feemster,* 751 S.W.2d 772, 775–76 (Mo.App. 1988), (applying the same rule). The 1988 amended version of § 452.375 RSMo (Supp. 1988) codifies the rule announced in these prior decisions as follows: "[w]hen the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child manifestly demands and that it is in the best interests of the child," then custody may be awarded to a third party. § 452.375.4(3)(a).

■ Mother further argues that the trial court did not find any special and extraordinary reasons which mandated the award of the minor children to Mr. and Mrs. Bray. The trial court specifically found that "the welfare of the minor children manifestly demands, and it is in the best interests of all the children, that their primary custody should go to Intervenors." The trial court's other findings of fact are replete with special and extraordinary circumstances which support this conclusion and which are supported by the evidence as previously detailed in this opinion. Point IV is denied.

The decision of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.

---

1. The court did find, however, that Mother "is a parent who does not make herself available to and exhibit responsibility for her children as she should, does not show sufficient attention to their needs, and has married a man who is an extremely negative influence on her children."