**CITIZENS STATE BANK, Plaintiff–Respondent,**

v.

**Terry KREWSON and Bobbie F. Krewson, Defendants–Appellants.**

**No. 16936.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 30, 1992.

Charles B. Cowherd, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for plaintiff-respondent.

John D. Beger, Patrick L. King, Steelman & Beger, Rolla, for defendants-appellants.

PREWITT, Presiding Judge.

Plaintiff's suit was based upon a promissory note. Defendants appeal from judgment entered against them for $78,582.66 following nonjury trial.

Defendants contend that the judgment "was against the weight of the evidence" because plaintiff was not entitled to a deficiency judgment as plaintiff failed to show that the sale of certain collateral complied with the Uniform Commercial Code. The Collateral for the note included a CAT 955 loader and an International Harvester tractor. It is the notice of sale required by § 400.9–504(3), RSMo 1986 (since amended, see RSMo Supp.1991), and the sale of these items under that section and § 400.9–507, RSMo 1986, which is in question. These sections are part of the Uniform Commercial Code as adopted in Missouri.

This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo. App.1990). Due regard is given to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). Credibility of the witnesses is generally a question for the trial court which may disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 676–677 (Mo.App.1989). As no findings of fact were requested or made, the facts shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(2).

■ The first contention advanced by defendants is that there was no proof that notice of sale was given to them as required by § 400.9–504(3), RSMo 1986. John Greer, executive vice president of plaintiff, testified regarding the mailing of the notice of sale. Notwithstanding that defendants denied receiving the notice, that testimony was sufficient for the court to find the notice was sent.

Greer stated that the notice was mailed on July 14, 1986, to defendants at the ad-

582

dress shown on the promissory note. He initially said one of his secretaries placed the notice in the mail. He later testified that the procedure at the bank was that he signed the notice and from there "it would have been mailed in the normal course of mailing". The proper postage would have been applied through the bank's postage meter and the notice then mailed by a secretary.

Proof of mailing in an office such as plaintiff's is sufficient if there is proof that it would have been mailed through settled custom and usage systematically followed in the transaction of business. *First National Bank v. Mid–Century Insurance Co.,* 559 S.W.2d 50, 52 (Mo.App.1977). See also *Lake St. Louis Community Ass'n v. Ringwald,* 652 S.W.2d 158, 160–161 (Mo. App.1983).

■ Defendants' remaining contention is that plaintiff failed to show it sold the collateral in a "commercially reasonable" manner as required by §§ 400.9–504 and § 400.9–507, RSMo 1986. Plaintiffs moved the loader and tractor to Marshfield Machinery, a machinery dealer's sales lot in Marshfield, Missouri and offered them for sale there. The loader sold for $5,000 and the tractor for $4,000. The Uniform Commercial Comment 2 following § 400.9–507 states:

> One recognized method of disposing of repossessed collateral is for the secured party to sell the collateral to or through a dealer—a method which in the long run may realize better average returns since the secured party does not usually maintain his own facilities for making such sales. Such a method of sale, fairly conducted, is recognized as commercially reasonable under the second sentence of subsection (2).

Defendants complain of the location of the equipment on the lot, that the dealer had less incentive to sell it because he handled it without compensation and of failure to advertise it for sale. The equipment was placed with other similar machinery. The dealer handled as an accommodation to the bank and it was not established that other machinery was favored over it. It was in a place where persons looking for such equipment would likely come. Advertising would not necessarily have made it bring a higher price and would have added to the cost of sale.

That it was sold in a commercially reasonable manner is fortified by evidence which we presume the trial court believed, that each item sold in excess of its fair market value. Although perhaps more could have been done to try to sell the collateral, the trial court was justified in finding that it was sold in a commercially reasonable manner.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.