BOATMEN'S BANK OF PULASKI COUNTY, Plaintiff–Appellant,

v.

Michelle L. BROOKS, Defendant

and

Donna S. Brooks, Defendant–Respondent.

No. 18676.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 19, 1994.

Ralph W. Muxlow II, Richland, for plaintiff-appellant.

Mark R. Bahn, Fenton, for defendant-respondent.

SHRUM, Judge.

Boatmen's Bank of Pulaski County appeals from the denial of a deficiency judgment against Donna S. Brooks after the bank as secured party repossessed and sold a motor vehicle she had purchased. Because the evidence supports a finding that the bank did not comply with the notification requirement of § 400.9–504(3) [1] as it pertains to a private sale, we affirm.

When Donna Brooks and her former daughter-in-law, Michelle Brooks, bought a motor vehicle from a dealer in Lebanon, they signed a "motor vehicle installment sale con-

---

1. All statutory references are to RSMo 1986. Certain statutory sections cited in this opinion have been amended since the publication of RSMo 1986; however, none of those amendments affected the portions of the statutes herein cited.

tract and security agreement" that the dealer then assigned to the bank, which is located in Richland. The document lists a common address for Donna and Michelle: Route 1, Box 28, Boss, MO 65440.

After monthly payments to the bank stopped, the bank declared a default, repossessed the vehicle, and sold it at a private sale. The sale price was less than the debt, and the bank brought this action against Donna and Michelle for the deficiency.[2]

At trial Troy W. Posten, a bank employee with the title "collection representative," testified on behalf of the bank. On direct examination, Posten identified himself as the "custodian" of "a file in this case involving Michelle Brooks and Donna Brooks."

Posten identified the bank's exhibits 5 and 6, copies of first and second default notices, dated respectively August 30, 1991, and October 1, 1991. The notices were addressed jointly to Michelle and Donna at the address that appears on the installment sale contract and security agreement.

Posten then identified the bank's exhibit 3 as a copy of the bank's notification to Donna and Michelle that the collateral would be sold. Exhibit 3, as it appears in the legal file, is a photocopy of the bank's December 23, 1991, letter and two United States Postal Service Forms 3800, "Receipt for Certified Mail." It appears exhibit 3 was produced by overlaying the certified mail receipt forms on the letter and then photocopying the three documents to make a one-page exhibit.

The letter, jointly addressed to Michelle and Donna at the Route 1, Box 28 address, states in part, "If you do not redeem the collateral prior to Jan. 12, 1992, a private sale will be held after that date, and the proceeds of the sale will be applied to your indebtedness. You will be liable for any deficiency which may result." The letter is signed by a Rick A. Wilson. Beneath Wilson's signature and typed name is the word "Loans." Beneath the signature block of the letter is the following:

cc: Donna Brooks
 PO BOX 352
 Boss, Mo 65440

The certified mail receipt forms are partially completed; the information they contain is typewritten. One form is addressed to Michelle at the Route 1, Box 28 address and the other to Donna at the P.O. Box 352 address. On each receipt form, in the space designated "Postmark or Date" is typed "12-31-91." The other spaces on the two receipt forms are blank. Exhibit 3 was received into evidence without objection.

Asked on direct examination if exhibit 3 "is a notice the bank sent [Donna and Michelle] after repossession, but before the sale took place," Posten replied, "Yes, it is." On cross-examination Posten said he had replaced the person who had been handling collections on the account and that his first day of employment with the bank was December 23, 1991, the date of the letter. Until that date, he said, "I only know what was in the file." He testified he did not send the December 23 letter. He said there were no certified mail return receipts[3] in the file and no other indication in the bank's records that Donna knew of the default or the December 23 letter. Moreover, he had no personal knowledge that Donna was aware of the default or the pending sale of the vehicle.

Donna testified that Michelle went to the Lebanon dealership to purchase the vehicle, and "[s]ome man brought [the contract and security agreement] to the house that night, and, yes, I signed it." Her signature appears on the document as a "buyer," although she described her role as that of a "co-signer." Donna said the P.O. Box 352, Boss, Missouri, address was her mailing address. She denied receiving the December 23, 1991, letter or any other notice advising her of a pending sale of the vehicle.

At the close of evidence, the court solicited "closing remarks." The bank's attorney asserted that the December 23, 1991, letter, which he said was sent to Donna's and Mi-

---

**2.** Michelle failed to answer and to appear. She was adjudged to be in default, and judgment was entered against her. Michelle is not a party to this appeal.

**3.** Apparently United States Postal Service Form 3811, the familiar green post card.

chelle's last known addresses, constituted a "reasonable notification of a time after which any private sale or other intended disposition is to be made...." Donna's attorney made two arguments, the first being there was no showing of a proper assignment from the dealer to the bank. Then he stated,

> Further, Your Honor, I would ask the Court to take note of the requirements of UCC concerning notice in this particular case, under—as we've alleged in our first affirmative defense under Section 400.2–706.[4] As to the reasonableness of the notice, I think a review of the case law indicates that there has not been, under the circumstances, reasonable notice sent as to the time and place of the sale in this particular situation.[5]

The trial judge responded:

> As to [Donna's] first point, the Court disagrees with that. I do find that there has been an assignment, that the [installment sale contract and security agreement] does speak for itself.
>
> As to [Donna], the Court does find merit in the [second] argument. I do not find that the notice issued to this Defendant was reasonable, and, therefore, that there was an accord of [sic] satisfaction as to this Defendant. The relief prayed against the Defendant, Michelle Brooks, however, is granted in the amount proven this date.

On the day of the trial, the court entered judgment in the form of a hand-written docket sheet entry. As it pertains to Donna, the judgment simply states that the court "denies the relief prayed for by the Plaintiff against Defendant, Donna S. Brooks."

In its only point relied on, the bank contends the trial court erred in denying recovery against Donna because the court erroneously applied the law in that "the trial court found that the notice of the private sale sent to ... Donna ... was not reasonable, apparently because the notice was not received."

The dispositive issue on appeal is whether the bank complied with the applicable notification provision of § 400.9–504(3), which provides, "reasonable notification of the time after which any private sale or other intended disposition [of the collateral] is to be made shall be sent by the secured party to the debtor." Two key words in this statutory provision are defined in the Uniform Commercial Code. *Notification* is defined in § 400.1–201(26) thus:

> A person **"notifies"** or **"gives"** a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it.

Section 400.1–201(38) defines the word *send:*

> **"Send"** in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

 Failure by a secured party to give reasonable notification of the sale of collateral as mandated by § 400.9–504(3) precludes a deficiency judgment in Missouri courts. The party seeking the deficiency judgment bears the burden of proving compliance with § 400.9–504(3). *Cherry Manor, Inc. v. American Health Care, Inc.*, 797 S.W.2d 817, 820–21[1, 8–9] (Mo.App.1990).[6]

 Our review is governed by Rule 73.-01(c)(1) as construed in *Murphy v. Carron,*

---

4. There is no evidence in the record that suggests the applicability to this action of § 400.2–706, which regulates resale by a seller after a buyer has committed one of several wrongful acts specified in § 400.2–703.

5. Donna's attorney appears to have argued for the applicability of the notification requirement

for a public rather than a private sale under § 400.9–504(3) (or § 400.2–706(4)(b)).

6. Elsewhere, the *Cherry Manor* opinion incorrectly observes, "The failure to receive notice prevents a deficiency judgment." 797 S.W.2d at 820[2].

536 S.W.2d 30 (Mo. banc 1976). Thus, we will affirm the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32[1].

As a preliminary matter, we consider the comments the trial court made in response to the attorneys' "closing remarks." Rule 73.-01(a)(2) provides, in part:

> The court shall render such judgment that it thinks proper under the law and the evidence. If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel.

■■■ Neither party requested from the trial court, pursuant to Rule 73.01(a)(2), "a brief opinion containing a statement of the grounds for its decision" including "findings on such controverted fact issues as have been specified by counsel." However, we are mindful of the supreme court's statement in *Graves v. Stewart,* 642 S.W.2d 649 (Mo. banc 1982) that "volunteered findings of fact and conclusions of law by the trial court in a jury

waived case do provide a proper basis for assignment of error and appellate review." *Id.* at 651[3].

In this case, we do not believe the court's comments, made verbally and in immediate response to the arguments of counsel, and without being included with the judgment itself, "reach the dignity of a special finding or declaration of law...." *Meridian Lumber Co. v. Lowry Lumber Co.,* 207 Mo.App. 41, 229 S.W. 267, 268[1] (1921). *See also Lohrmann v. Carter,* 657 S.W.2d 372 (Mo. App.1983).[7] As a result, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.-01(a)(2).[8]

The bank's point and argument on appeal are based on two erroneous assumptions: the first, already discussed, that the trial court based its decision on a finding that Donna did not receive the December 23, 1991, letter, and the second, that the bank carried its burden of proving it "sent" notification as that word is defined in § 400.1–201(38). From our review of the record, we have concluded the trial court could have found the bank did not send the letter to Donna.

The bank's evidence that it sent the December 23, 1991, letter to Donna consists of Posten's identification of exhibit 3 as a photo-

---

7. *Compare In the Interest of L.W.F.,* 818 S.W.2d 727 (Mo.App.1991); *Giesler v. Giesler,* 800 S.W.2d 59 (Mo.App.1990); *Matter of Heisserer,* 797 S.W.2d 864 (Mo.App.1990); *Farmer's Mut. Fire Ins. Co. v. Farmer,* 795 S.W.2d 104 (Mo.App. 1990); *Bragg v. Missouri Pacific R.R. Co.,* 791 S.W.2d 776 (Mo.App.1990); *Behen v. Elliott,* 791 S.W.2d 475 (Mo.App.1990); *Thomas v. Depaoli,* 778 S.W.2d 745 (Mo.App.1989); *Nickels v. Cohn,* 764 S.W.2d 124 (Mo.App.1989); *Ball v. Benefit Trust Life Ins. Co.,* 704 S.W.2d 677 (Mo.App. 1986); *Liebelt v. Commerce Bank of Springfield,* 703 S.W.2d 77 (Mo.App.1985); *Rietsch v. T.W.H. Co.,* 702 S.W.2d 108 (Mo.App.1985); *Young v. Ray America, Inc.,* 673 S.W.2d 74 (Mo.App. 1984).

8. Even if we viewed the court's comments as containing volunteered findings of fact, they would not affect our decision. The bank assigns error to a finding that Donna did not receive notification of the pending sale of the collateral. The court made no statement that reasonably could be read as a finding of non-receipt. The trial court's statements upon which the bank

relies must be read in the context of Donna's counsel's second argument, which attacked the content of the December 23, 1991, letter with respect to the time and place of the sale. Donna's counsel made no argument concerning non-receipt.

It appears the trial court concluded the letter did not comply with the notification requirement of § 400.9–504(3) because it did not specify the time and place of the sale. If we were to read the court's comments as an implicit finding that the letter did not specify the time and place of the sale, such finding would have no effect on this appeal because the bank does not assign it as error. See *Farmer's Mut. Fire Ins. Co.,* 795 S.W.2d at 105. Moreover, that the trial court appears to have applied the standard for notification of a *public* sale rather than that of a *private* sale as the ground for its decision is of no moment. In a bench-tried case, a judgment that reaches a correct result will not be set aside even if the trial court gives a wrong or insufficient reason for its judgment. *Fix v. Fix,* 847 S.W.2d 762, 766[11] (Mo. banc 1993).

copy of certain documents he found in the loan file and Posten's testimony that "the bank" sent the letter. However, the trial court was not obligated to believe from this evidence that the notification had been sent to Donna. In a court-tried case, the judge is free to believe or disbelieve all, part, or none of the testimony of a witness, *Estate of Moore,* 802 S.W.2d 192, 194[1] (Mo.App. 1991), even if the testimony is uncontradicted. *Johnson v. Gregg,* 807 S.W.2d 680, 685[3] (Mo.App.1991).

It is true that Donna offered no direct evidence that the letter was not mailed to her by the bank; her testimony on the issue of notification consisted of her denial that she received the letter. However, a trial court's mere disbelief of the evidence adduced by the party having the burden of proof on an issue generally is sufficient to support an adverse finding on that issue even though the other party has offered no evidence. *Eyberg v. Shah,* 773 S.W.2d 887, 893[12] (Mo.App. 1989).[9]

The evidence supports a finding by the trial court that the December 23, 1991, letter was not sent by the bank to Donna. Posten admitted he did not send the letter. The certified mail receipt forms were partially completed; they contain no postmark and no fee information normally associated with their use. Posten admitted there were no return receipt cards in the file that would indicate the letters to Donna and Michelle were delivered or unclaimed, refused, or otherwise undeliverable.[10] The trial court could have found that Posten's predecessor prepared the December 23, 1991, letter but failed to mail it, and that Posten, taking his predecessor's place at the bank, saw the letter and the partially completed certified mail receipt forms (or a photocopy of those documents) and assumed that the letter had been mailed to Donna when, in fact, it had not.

We affirm the judgment of the trial court.

PARRISH, C.J., and MONTGOMERY, J., concur.

---

9. The bank's reliance on *Springfield Chrysler–Plymouth, Inc. v. Harmon,* 858 S.W.2d 240 (Mo. App.1993), and *Citizens State Bank v. Krewson,* 822 S.W.2d 580 (Mo.App.1992), is misplaced. In *Harmon* and *Krewson,* this court affirmed judgments in favor of secured parties. In each case we determined there was evidence from which the trial court could have found notification was sent to the debtors.

10. Although the proper use of certified mail is often advisable, we do not intend to imply that certified mail is always necessary to satisfy the notification requirements of § 400.9–504(3) and the definition of *send* in § 400.1–201(38). In this case we have discussed the certified mail forms in some detail because Posten's testimony indicates he relied in part on the presence in the file of the uncompleted receipt forms to form his belief that the December 23, 1991, letter had been sent to Donna. Moreover, the bank, in its brief on appeal, insists the letter was sent to Donna via certified mail.